# EXHIBIT A

to Defendant Evans Delivery Company, Inc's.
Notice of Removal

*State Court Pleadings*

Dept. # 14

Assigned ~Pram~

**LAW OFFICES OF STEPHEN GLICK**
Stephen Glick (SBN 59404)
sglick@glicklegal.com
M. Anthony Jenkins (SBN 171958)
ajenkins@glicklegal.com
1055 Wilshire Boulevard, Suite 1480
Los Angeles, California 90017
Telephone: (213) 387-3400
Fax: (213) 387-7872

**FILED**
Superior Court of California
County of Los Angeles

NOV 0 8 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
Isaac Lovo

Attorney for Plaintiffs SANTOS H. GARCIA, RAMIRO OROZCO and MICHEL SALMO, individually and on behalf of all others similarly situated, all current, former and future aggrieved employees, and the general public of California

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| SANTOS H. GARCIA, individually and on behalf of all others similarly situated, all current, former and future aggrieved employees, and the general public of California; RAMIRO OROZCO, individually and on behalf of all others similarly situated, all current, former and future aggrieved employees, and the general public of California; MICHEL SALMO, individually and on behalf of all others similarly situated, all current, former and future aggrieved employees, and the general public of California,<br><br>Plaintiffs,<br><br>vs.<br><br>EVANS DELIVERY COMPANY, INC., a corporation; ALLEN CEPEDA; DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. **18STCV04250**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. **FAILURE TO PAY PIECE RATE EMPLOYEES SEPARATE COMPENSATION FOR REST PERIODS [LAB. CODE §§ 226.2, 1194;** *JACKPOT HARVESTING CO., INC. V. SUPERIOR COURT* **(2018) 26 CAL.APP.5TH 125, 146;** *BLUFORD V. SAFEWAY STORES, INC.* **(2013) 216 CAL.APP.4TH 864, 871]**<br><br>2. **FAILURE TO PAY FAILURE TO PAY PIECE RATE EMPLOYEES SEPARATE COMPENSATION FOR NONPRODUCTIVE TIME [LAB. CODE §§ 226.2, 1194;** *JACKPOT HARVESTING CO., INC. V. SUPERIOR COURT* **(2018) 26 CAL.APP.5TH 125, 146;** *GONZALEZ V. DOWNTOWN LA MOTORS, LP* **(2013) 215 CAL.APP.4TH** |

1

36, 50]

3.   **FAILURE TO REIMBURSE ALL NECESSARY EXPENDITURES [LAB. CODE §§ 2802, 2804; *GATUSSO V. HARTE-HANKS SHOPPERS, INC.* (2007) 42 CAL.4TH 554]**

4.   **FAILURE TO PROVIDE REQUIRED MEAL PERIODS [LAB. CODE §§ 226.7, 512; WAGE ORDER 9 § 11]**

5.   **FAILURE TO PROVIDE REQUIRED REST PERIODS [LAB. CODE §§ 226.7; WAGE ORDER 9 § 12]**

6.   **UNLAWFUL DEDUCTIONS AND FAILURE TO PAY WAGES [LAB. CODE §§ 221, 204]**

7.   **FAILURE TO PAY ALL EARNED WAGES UPON SEPARATION FROM EMPLOYMENT [LAB. CODE § 203]**

8.   **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS [LAB. CODE §§ 226, 226.2]**

9.   **UNFAIR BUSINESS PRACTICES [BUS. & PROF. CODE § 17200 *ET SEQ.*]**

10.  **CIVIL PENALTIES UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (PAGA) [LAB. CODE §§ 2699, 512, 558, 1197, 1197.1; *ARIAS V. SUP. CT. (ANGELO DAIRY)* (2009) 46 CAL.4TH 969]**

11.  **CIVIL PENALTIES UNDER PAGA [LAB. CODE §§ 2699, 226, 226.2, 226.3, 1198, 2802, 226.7, 204, 210, 203; WAGE ORDER 9 §§ 11, 12; MIN. WAGE ORDERS; *ARIAS*, 46 CAL.4TH 969]**

2

1  **NOTICE TO DEFENDANTS OF DUTIES TO RETAIN EVIDENCE**

2  1.  TO ALL DEFENDANTS: Note and adhere to your duties to retain, and not delete or

3  destroy, all documents, emails, databases, electronic records, electronically stored information, and

4  all other evidence that may be pertinent to this lawsuit, and to cease any destruction or deletion of

5  such evidence that might otherwise take place in the ordinary course of your business or affairs.

6  Plaintiffs allege:

7  **INTRODUCTION AND GENERAL ALLEGATIONS**

8  2.  At all times relevant to this complaint, Defendants EVANS DELIVERY

9  COMPANY, INC. and DOES 1 through 100 ("DEFENDANTS") employed Plaintiffs SANTOS H.

10  GARCIA, RAMIRO OROZCO and MICHEL SALMO ("PLAINTIFFS") and other similarly

11  situated persons ("CLASS") as employee truck drivers compensated on a piece-rate basis, *i.e.*, paid

12  an amount of money transport a load from one point to another only, which did not include

13  reimbursing them for the costs they incurred in the discharge of their duties. At all times relevant,

14  DEFENDANTS failed to separately compensate PLAINTIFFS and the rest of the CLASS for rest

15  periods and nonproductive time separate from their piece rate compensation; failed to reimburse

16  PLAINTIFFS and the rest of the CLASS for business expenses including, but not limited to,

17  mileage, fuel and other costs associated with the trucks they used in the discharge of their duties;

18  failed to provide PLAINTIFFS and the rest of the CLASS with required meal and rest periods, and

19  failed to pay them an additional hour of wages for each meal and rest period that was not provided;

20  failed to pay PLAINTIFFS and the rest of the CLASS at least the minimum wage for all hours they

21  were employed; made deductions from PLAINTIFFS and each of the rest of the CLASS member's

22  remuneration that were unlawful under Labor Code sections 221 and 224;[1] failed to pay

23  PLAINTIFFS and the rest of the CLASS who have separated from their employment with

24  DEFENDANTS, all wages they had earned; and, willfully failed to provide PLAINTIFFS and the

25  rest of the CLASS with accurate itemized wage statements required by section 226 by failing to

26  indicate, among other things, total hours worked and all applicable hourly rates in effect during the

27  

28  [1] "Section" references are to the Labor Code unless otherwise indicated.

3

**COMPLAINT**

1    pay period and the corresponding number of hours worked at each hourly rate, and by failing to

2    include the information required by sections 226(a) and 226.2(a)(2).

3        3.      This action is brought by PLAINTIFFS individually and as a class action against all

4    Defendants for violations of various wage and hour provisions of the Labor Code, Industrial

5    Welfare Commission Order No. 9-2001, 8 C.C.R. § 11090 ("WAGE ORDER 9"), Minimum Wage

6    Orders and case law, that Defendants committed against PLAINTIFFS and the rest of the CLASS.

7    At all times relevant to this complaint, the Defendants were subject to the Labor Code and the

8    hours and working conditions of PLAINTIFFS and the CLASS' employment with DEFENDANTS

9    were governed and regulated by the Labor Code and WAGE ORDER 9.

10       4.      This action is also brought by PLAINTIFFS individually and as a private

11   enforcement action representative suit under the California Labor Code Private Attorneys General

12   Act of 2004 (Labor Code § 2698 *et seq.*) ("PAGA") on behalf of PLAINTIFFS and each current,

13   former and future aggrieved employee of Defendant EVANS DELIVERY COMPANY, INC.

14   ("EMPLOYER PAGA-DEFENDANT") in the State of California ("AGGRIEVED

15   EMPLOYEES," inclusive of PLAINTIFFS), for the recovery of civil penalties, in addition to an

16   amount sufficient to recover underpaid wages, on behalf of PLAINTIFFS and other AGGRIEVED

17   EMPLOYEES, from the EMPLOYER PAGA-DEFENDANT.

18       5.      Defendant ALLEN CEPEDA ("INDIVIDUAL PAGA-DEFENDANT") is also

19   named as an individual Defendant in the Tenth Cause of Action under PAGA. The INDIVIDUAL

20   PAGA-DEFENDANT is jointly liable for civil penalties sought in this cause of action under

21   PAGA pursuant to the civil penalty and individual liability provisions of the Labor Code § 558,

22   which makes clear that an individual can be subject to civil penalties under PAGA if he or she is a

23   "person acting on behalf of an employer who violates, or causes to be violated" Labor Code section

24   510, 512, 558 or any provision of the applicable wage order governing hours and working

25   conditions: "Any employer or other person acting on behalf of an employer who violates, or causes

26   to be violated, a section of ... [C]hapter [One] or any provision regulating hours and days of work

27   in any order of the Industrial Welfare Commission...."

28       6.      As the California Supreme Court stated in *Reynolds v. Bemet* (2005) 36 Cal.4th 1075,

1   abrogated in part on other grounds by *Martinez v. Combs* (2010) 49 Cal.4th 35, 62, 66, "pursuant
2   to section 558, subdivision (a), any 'person acting on behalf of an employer who violates, or causes
3   to be violated' a statute or wage order relating to working hours is subject to a civil penalty,
4   payable to the affected employee, equal to the amount of any underpaid wages. .... [T]he
5   Legislature has provided that aggrieved employees may under certain circumstances maintain civil
6   actions to recover such penalties. (§ 2699, subd. (a).)" (*Reynolds*, 36 Cal.4th at p. 1089 [footnote
7   omitted]; *Atempa v. Pedrazzani* (2018) 27 Cal.App.5th 809 [238 Cal.Rptr.3d 465, 477]; *Ontiveros*
8   *v. Zamora* (E.D.Cal. Feb. 20, 2009) 2009 WL 425962 at p. *6 ["As the *Reynolds* court
9   acknowledged, the text of ... [Labor Code § 558(a)] expands liability to include agents of the
10  employer." [Citing *Reynolds*]; *and see Landmark Screens, LLC v. Morgan, Lewis & Bockius*
11  (2010) 183 Cal.App.4th 238, 251, fn. 6 [courts may cite unpublished federal cases as persuasive,
12  although not binding, authority].)

13      7.      At all times relevant, the INDIVIDUAL PAGA-DEFENDANT was a person acting
14  on behalf of EMPLOYER PAGA-DEFENDANT who caused said Defendant to violate Labor
15  Code sections 510 and/or 512, and/or subparts 3, 11 and/or 12 of WAGE ORDER 9 because,
16  among other things, each of the INDIVIDUAL PAGA-DEFENDANT was one of the individuals
17  acting on behalf of EMPLOYER PAGA-DEFENDANT who made the decisions regarding said
18  Defendant's failure to provide meal and rest periods required by California law.

19      8.      Section 2699(a) specifically provides for a private right of action to recover penalties
20  for violations of the Labor Code. Each of the PLAINTIFFS have standing as an aggrieved
21  employee as that term is defined in section 2699(a) because each of the PLAINTIFFS is a person
22  who was employed by EMPLOYER PAGA-DEFENDANT against whom the violations alleged
23  herein were committed. There is a 1 year statute of limitation for PAGA civil penalties and a 3 year
24  statute of limitations for wages sought to be recovered under PAGA under section 200.5 because a
25  plaintiff suing under PAGA does so as the proxy or agent of the state's labor law enforcement
26  agencies. The Labor Code and WAGE ORDER 9 violations alleged herein have been and continue
27  to be violations committed by each of the Defendants on an entity-wide and ongoing basis.

28      9.      PLAINTIFFS have exhausted their administrative remedy pursuant to section 2699.3

1    by having given written notice before commencing this action pursuant to section 2699, by online
2    filing with the Labor and Workforce Development Agency (accompanied with the required filing
3    fees) and by certified mail to Defendants on August 28, 2018, of the specific provisions of the
4    Labor Code alleged to have been violated, including the facts and theories to support the alleged
5    violation, and then having waited 65 calendar days from the postmark date of said notice and, after
6    not having received any notice from the Labor and Workforce Development Agency pursuant to
7    section 2699.3, and no written notice from the employer pursuant to Lab. Code § 2699.3(c)(2)(a)
8    (for the violations to which that section applies) was received within 33 calendar days (or anytime
9    thereafter) that the violations were cured.. The periods specified in section 2699.3 "are not counted
10   as part of the time limited for the commencement of the civil action to recover penalties under ...
11   [PAGA]." (Lab. Code § 2699.3(d).)

12          10.     The Labor Code and WAGE ORDER 9 violations alleged herein have been and
13   continue to be violations committed by each of the Defendants on an entity-wide and ongoing
14   basis against PLAINTIFFS, and the rest of the CLASS and AGGRIEVED EMPLOYEES. In
15   addition to the concerted and joint activities alleged herein, PLAINTIFFS are informed and
16   believe, and based thereon allege, that each of the Defendants engaged in the same practices and
17   have adopted the same policies with regard to their wrongful acts against PLAINTIFFS and the
18   rest of the CLASS as alleged herein. Since four years prior to the commencement of this action,
19   PLAINTIFFS and the rest of the CLASS would be entitled to restitution and/or back pay pursuant
20   to Business and Professions Code § 17200, *Cortez vs. Purolator Air Filtration Products Co.*
21   (2000) 23 Cal.4th 163, 178, and *Gatusso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554.
22   PLAINTIFFS have separated from their employment by DEFENDANTS.

23                              **VENUE AND JURISDICTION**

24          11.     Venue is proper in this judicial district pursuant to California Code of Civil
25   Procedure §§ 395(a) and 395.5 the work performed by PLAINTIFFS for DEFENDANT was often
26   performed in the City of Commerce in Los Angeles County.

27          12.     At all times relevant, Defendant EVANS DELIVERY COMPANY, INC. has had
28   substantial, ongoing contacts with California, and has been doing business as a motor carrier

                                            6
                                      **COMPLAINT**

1  within California, such that the State has a sufficient relationship with Defendant and the present
2  litigation to make it reasonable to require Defendant to defend the action in California courts.
3  *Defendant operates in California from a location at or near 3200 Guasti Rd, Ontario, California,*
4  and uses a business address of 11139 Essex Ave, Montclair, California. This lawsuit only relates to
5  Defendant EVANS DELIVERY COMPANY, INC.'s activities in California as an employer, and it
6  is the public policy of the State that employment actions relating to California employees be
7  litigated in this State.

8      13.    The monetary damages sought by PLAINTIFFS exceed $25,000, as set forth in the
9  prayer for relief, and will be established according to proof at trial.

10  ### IDENTIFICATION OF THE PARTIES

11      14.    Defendant EVANS DELIVERY COMPANY, INC. is a Pennsylvania corporation;
12  Defendant ALLEN CEPEDA is a resident of California.

13      15.    PLAINTIFFS are ignorant of the true names or capacities of the Defendants sued
14  herein under the fictitious names DOE 1 through 100, inclusive; and they are therefore sued
15  pursuant to California Code of Civil Procedure § 474. When their true names and capacities are
16  ascertained, PLAINTIFFS will amend this complaint by inserting their true names and capacities
17  herein. PLAINTIFFS is informed and believes, and based thereon alleges, that Defendant DOE 1
18  through 100, inclusive, hereinafter collectively referred to as "DOES," acted wrongfully,
19  maliciously, intentionally and negligently; that each is responsible in some manner for the events
20  and happenings complained of herein; and that injuries of PLAINTIFFS, as alleged herein, were
21  proximately caused by DOES, either through said Defendant's own conduct or through the conduct
22  of their agents and/or employees.

23      16.    PLAINTIFFS is informed and believes, and based thereon alleges, that at all relevant
24  times, each of the DEFENDANTS was the merging entity, merged entity, subsidiary, acquiring
25  corporation, agent and/or employee of one or more of each of the remaining DEFENDANTS and,
26  in doing the things hereinafter alleged, was acting within the course and scope of such agency
27  and/or employment with the knowledge, advice, permission and consent of each other, and/or alter
28  ego or brother/sister corporation thereby liable as alleged herein under, but not limited to, the

7

**COMPLAINT**

1 | doctrines of alter ego, single-enterprise and/or common-enterprise liability, or as part of a
2 | conspiracy.

3 | <div align="center">**CLASS ALLEGATIONS**</div>

4 |    21.    Each of the PLAINTIFFS is a member of each of the classes he seeks to represent,
5 | which are defined as follows:

6 |    **CLASS 1:**

7 |    Each individual who performed any services as a truck driver for
8 |    EVANS DELIVERY COMPANY, INC. in California at any time since
9 |    4 years prior to commencement of this action.

10 |    **CLASS 2:**

11 |    Each individual who performed any services as a truck driver for
12 |    EVANS DELIVERY COMPANY, INC. in California at any time since
13 |    4 years prior to commencement of this action, for which EVANS
14 |    DELIVERY COMPANY, INC.'S policy did/does not authorize or
15 |    permit separately paid rest periods.

16 |    **CLASS 3:**

17 |    Each individual who performed any services as a truck driver for
18 |    EVANS DELIVERY COMPANY, INC. in California at any time since
19 |    3 years prior to commencement of this action, who no longer performs
20 |    any services for EVANS DELIVERY COMPANY, INC.

21 |    **CLASS 4:**

22 |    Each individual who performed any services as a truck driver for
23 |    EVANS DELIVERY COMPANY, INC. in California at any time since
24 |    3 years prior to commencement of this action, for which EVANS
25 |    DELIVERY COMPANY, INC.'S policy did/does not authorize or
26 |    permit separately paid rest periods, who no longer performs any
27 |    services for EVANS DELIVERY COMPANY, INC.

28 | ///

<div align="center">8

**COMPLAINT**</div>

**CLASS 5:**

Each individual who performed any services as a truck driver for

EVANS DELIVERY COMPANY, INC. in California at any time since

1 year prior to commencement of this action.

22.     There is a well-defined community of interest in the questions of law and fact affecting each CLASS and common questions of law and fact predominate over any questions of law or fact that may affect only individual CLASS members. Each CLASS is ascertainable and sufficiently numerous such that joinder would be impracticable. PLAINTIFFS are competent and capable of fairly and adequately representing the interests of the CLASS and PLAINTIFFS' claims are typical of each CLASS. Maintaining this lawsuit as a CLASS action is a superior method for adjudication of the controversies involved. PLAINTIFFS have incurred, and during the pendency of this action will continue to incur, expenses for attorney fees and costs herein. Such attorney's fees and costs are necessary for the prosecution of this action and will result in a benefit to each of the members of the CLASS.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY PIECE RATE EMPLOYEES SEPARATE COMPENSATION FOR REST PERIODS

**[LAB. CODE §§ 226.2, 1194; *JACKPOT HARVESTING CO., INC. V. SUPERIOR COURT* (2018) 26 CAL.APP.5TH 125, 146; *BLUFORD V. SAFEWAY STORES, INC.* (2013) 216 CAL.APP.4TH 864, 871]**

**Brought by PLAINTIFFS individually and as a CLASS Action against all Defendants**

23.     PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as though fully alleged here.

24.     "Section 226.2, subdivision (a)—codifying the decisions in *Gonzalez* and *Bluford*—mandates that piece-rate employees receive compensation for all rest/NP time that is 'separate from piece-rate compensation.' (§ 226.2, subd. (a)(1).) Such employees are assured under an alternative formula in subdivision (a) that their compensation for rest and recovery time will be no less than minimum wage; in some instances the compensation may be greater than minimum wage. (§

9

**COMPLAINT**

1 | 226.2, subd. (a)(3)(A), (B).)" *Jackpot Harvesting Co., Inc. v. Superior Court* (2018) 26

2 | Cal.App.5th 125, 146, review filed (Sept. 18, 2018); *Bluford v. Safeway Stores, Inc.* (2013) 216

3 | Cal.App.4th 864, 871.)

4 |     25.    Section 1194(a) permits an aggrieved employee to bring a private right of action to

5 | recover unpaid minimum wages plus interest, attorney's fees and costs, and section 218 permits an

6 | aggrieved employee to bring a private action to recover unpaid wages.

7 |     26.    At all times relevant to this complaint, DEFENDANTS failed to pay PLAINTIFFS

8 | and the rest of the CLASS separate compensation for rest periods, for which PLAINTIFFS seeks

9 | and is entitled to recover all unpaid compensation owed PLAINTIFFS and the rest of the CLASS

10 | under sections 226.2 and 1194, plus liquidated damages under section 1194.2, prejudgment interest

11 | under sections 218.6 and 1194, and an award of attorney's fees and costs under sections 218.5 and

12 | 1194.

13 |     27.    Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages,

14 | the court shall award interest on all due and unpaid wages at the rate of interest specified in

15 | subdivision (b) of Section 3289 of the Civil Code currently 10 percent per annum, which shall

16 | accrue from the date that the wages were due and payable[.]"

17 | <div align="center">**SECOND CAUSE OF ACTION**</div>

18 | <div align="center">**FAILURE TO PAY FAILURE TO PAY PIECE RATE EMPLOYEES SEPARATE**</div>

19 | <div align="center">**COMPENSATION FOR NONPRODUCTIVE TIME**</div>

20 | <div align="center">**[LAB. CODE §§ 226.2, 1194; *JACKPOT HARVESTING CO., INC. V. SUPERIOR***</div>

21 | <div align="center">***COURT* (2018) 26 CAL.APP.5TH 125, 146; *GONZALEZ V. DOWNTOWN LA MOTORS,***</div>

22 | <div align="center">***LP* (2013) 215 CAL.APP.4TH 36, 50]**</div>

23 | <div align="center">**Brought by PLAINTIFFS individually and as a CLASS Action against all Defendants**</div>

24 |     28.    PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as

25 | though fully alleged here.

26 |     29.    "[A]n employer must compensate its piece-rate employees for nonproductive time at

27 | no less than the applicable minimum wage. (§ 226.2, subd. (a)(4).)" *Jackpot Harvesting Co., Inc. v.*

28 | *Superior Court* (2018) 26 Cal.App.5th 125, 146, review filed (Sept. 18, 2018); *Gonzalez v.*

<div align="center">10</div>
<div align="center">**COMPLAINT**</div>

*Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36, 50.) Section 1194(a) permits an aggrieved employee to bring a private right of action to recover unpaid minimum wages plus interest, attorney's fees and costs, and section 218 permits an aggrieved employee to bring a private action to recover unpaid wages.

30.     At all times relevent, PLAINTIFF and the rest of the Class performed services for DEFENDANTS that included nonproductive time, including, but not limited to, conducting vehicle inspections, waiting to be dispatched, waiting time between loads, waiting time to pick up a load, loading and unloading time, travel time from the final delivery or drop-off location, truck washes, fueling, etc.

31. At all times relevant to this complaint, DEFENDANTS failed to pay PLAINTIFFS and the rest of the Class at least the minimum wage for all nonproductive time they worked, for which PLAINTIFFS seek and are entitled to recover on behalf of PLAINTIFFS and the rest of the Class, all unpaid compensation owed under sections 226.2 and 1194, plus liquidated damages under section 1194.2, prejudgment interest under sections 218.6 and 1194, and an award of attorney's fees and costs under sections 218.5 and 1194.

32. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code currently 10 percent per annum, which shall accrue from the date that the wages were due and payable[.]"

## THIRD CAUSE OF ACTION

### FAILURE TO REIMBURSE ALL NECESSARY EXPENDITURES

**[LAB. CODE §§ 2802, 2804; *GATUSSO V. HARTE-HANKS SHOPPERS, INC.* (2007) 42 CAL.4TH 554]**

**Brought by PLAINTIFFS individually and as a CLASS Action against all Defendants**

33.     PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as though fully alleged here.

34.     At all times relevant to this complaint, during PLAINTIFFS and the rest of the CLASS employment by DEFENDANTS as employee truck drivers, they were not reimbursed by

11

1    DEFENDANTS for business expenses including, but not limited to, mileage, fuel and other costs

2    associated with the trucks they used in the discharge of their duties as employees of

3    DEFENDANTS.

4        35.     At all times herein mentioned, DEFENDANTS were subject to Labor Code § 2802

5    which states that "an employer shall indemnify his or her employees for all necessary expenditures

6    or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of

7    his or her obedience to the directions of the employer."

8        36.     At all times herein mentioned, DEFENDANTS were subject to Labor Code § 2804

9    which states that "any contract or agreement, express or implied, made by any employee to waive

10    the benefits of this article or any part thereof, is null and void, and this article shall not deprive any

11    employee or his personal representative of any right or remedy to which he is entitled under the

12    laws of this State."

13        37.     The aforementioned conduct of Defendants, and each of them, constitutes repeated

14    violations of Labor Code §§ 2802 and 2804, for which PLAINTIFFS and the rest of the CLASS are

15    entitled to reimbursement for expenses plus an award of pre-judgment interest, attorney's fees, and

16    costs pursuant to Labor Code § 2802.

17                            **FOURTH CAUSE OF ACTION**

18              **FAILURE TO PROVIDE REQUIRED MEAL PERIODS**

19                **[LAB. CODE §§ 226.7, 512; WAGE ORDER 9 § 11]**

20      **Brought by PLAINTIFFS individually and as a CLASS Action against all Defendants**

21        38.     PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as

22    though fully alleged here.

23        39.     At all times relevant, PLAINTIFFS and the rest of the CLASS worked more than five

24    hours and/or 10 hours during their workday during their employment with DEFENDANTS, for

25    which DEFENDANT did not provide them with an uninterrupted, off-duty 30 minute meal period

26    before they began their sixth and/or eleventh hour of work, and were not paid an additional hour of

27    wages for each meal period that was not provided. The meal periods were not waived by mutual

28    consent of the DEFENDANTS and PLAINTIFFS and the rest of the CLASS.

1     40.     DEFENDANTS required PLAINTIFFS to keep the truck within PLAINTIFFS' sight

2 at all times when the truck was under dispatch because the DEFENDANTS were responsible for the

3 valuable trailer and the cargo.

4     41.     Subpart 11 of WAGE ORDER 9 states in pertinent part as follows:

5          (A) No employer shall employ any person for a work period of more

6          than five (5) hours without a meal period of not less than 30 minutes,

7          except that when a work period of not more than six (6) hours will

8          complete the day's work the meal period may be waived by mutual

9          consent of the employer and the employee.

10          (B) An employer may not employ an employee for a work period of

11          more than ten (10) hours per day without providing the employee with

12          a second meal period of not less than 30 minutes, except that if the

13          total hours worked is no more than 12 hours, the second meal period

14          may be waived by mutual consent of the employer and the employee

15          only if the first meal period was not waived.

16          (C) Unless the employee is relieved of all duty during a 30 minute

17          meal period, the meal period shall be considered an "on duty" meal

18          period and counted as time worked. An "on duty" meal period shall be

19          permitted only when the nature of the work prevents an employee from

20          being relieved of all duty and when by written agreement between the

21          parties an on-the-job paid meal period is agreed to. The written

22          agreement shall state that the employee may, in writing, revoke the

23          agreement at any time.

24          (D) If an employer fails to provide an employee a meal period in

25          accordance with the applicable provisions of this order, the employer

26          shall pay the employee one (1) hour of pay at the employee's regular

27          rate of compensation for each workday that the meal period is not

28          provided.

**COMPLAINT**

42. In *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1034, the California Supreme Court held that an employer is obligated to relieve its employee of all duty for an uninterrupted 30-minute period.

43. Effective January 1, 2001, Labor Code § 226.7 prohibits DEFENDANTS from requiring any employee to work during any meal period mandated by an applicable order of the Industrial Welfare Commission. If an employer fails to provide an employee a meal period in accordance with an applicable order of the IWC the employer shall pay the employee one additional hour of pay at the employee's regular rate of pay for each work day that the meal period is not provided.

44. Labor Code § 512 also prohibits DEFENDANTS from employing PLAINTIFFS and the rest of the CLASS for a work period of more than five hours per day without providing PLAINTIFFS with a meal period of not less than 30 minutes.

45. The aforementioned conduct of Defendants constitutes repeated violations of sections 226.7 and 512, for which PLAINTIFFS seek and are entitled to recover the premium wages owed PLAINTIFF and the rest of the CLASS for each day a required meal period was not provided, plus interest, pursuant to sections 226.7 and 218.6.

46. Pursuant to section 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of section 3289 of the Civil Code currently 10 percent per annum], which shall accrue from the date that the wages were due and payable[.]"

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE REQUIRED REST PERIODS

### [LAB. CODE § 226.7; WAGE ORDER 9 § 12]

**Brought by PLAINTIFFS individually and as a CLASS Action against all Defendants**

47. PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as though fully alleged here.

48. At all times relevant, PLAINTIFFS and the rest of the CLASS worked more than four hours during their workday during their employment with DEFENDANTS, for which DEFENDANT did not provide them with 10 minutes of uninterrupted, off-duty rest period time for

14

**COMPLAINT**

1   each fours hours (or major portion thereof) worked, and were not paid an additional hour of wages

2   for each rest period that was not provided.

3       49.     Subsection 12 of WAGE ORDER 9 states in pertinent part as follows:

4                (A) Every employer shall authorize and permit all employees to take

5                rest periods, which insofar as practicable shall be in the middle of each

6                work period. The authorized rest period time shall be based on the total

7                hours worked daily at the rate of ten (10) minutes net rest time per four

8                (4) hours or major fraction thereof. However, a rest period need not be

9                authorized for employees whose total daily work time is less than three

10               and one-half (3 1/2) hours. Authorized rest period time shall be

11               counted as hours worked for which there shall be no deduction from

12               wages.

13               (B) If an employer fails to provide an employee a rest period in

14               accordance with the applicable provisions of this order, the employer

15               shall pay the employee one (1) hour of pay at the employee's regular

16               rate of compensation for each workday that the rest period is not

17               provided.

18      50.     An employee must be relieved off all duties during a rest period. (*Augustus v. ABM*

19   *Security Services, Inc.* (2016) 2 Cal.5th 257, 269, as modified on denial of reh'g (Mar. 15, 2017)

20   ["We accordingly conclude that the construction of Wage Order 4, subdivision 12(A) that best

21   effectuates the order's purpose and remains true to its provisions is one that obligates employers to

22   permit—and authorizes employees to take—off-duty rest periods. That is, during rest periods

23   employers must relieve employees of all duties and relinquish control over how employees spend

24   their time. (See *Brinker*, *supra*, 53 Cal.4th at pp. 1038–1039, 139 Cal.Rptr.3d 315, 273 P.3d

25   513.)"].)

26      51.     Effective January 1, 2001, Labor Code § 226.7 prohibits DEFENDANTS from

27   requiring any employee to work during any rest period mandated by an applicable order of the

28   Industrial Welfare Commission. If an employer fails to provide an employee a rest period in

15

**COMPLAINT**

1   accordance with an applicable order of the IWC the employer shall pay the employee one additional

2   hour of pay at the employee's regular rate of pay for each work day that the rest period is not

3   provided.

4       52.    The aforementioned conduct of Defendants constitutes repeated violations of section

5   226.7, for which PLAINTIFFS seek and are entitled to recover the premium wages owed

6   PLAINTIFF and the rest of the CLASS for each day a required rest period was not provided, plus

7   interest, pursuant to sections 226.7 and 218.6.

8       53.    Pursuant to section 218.6, in any action brought for the nonpayment of wages, the

9   Court shall award interest on all due and unpaid wages at the rate of interest specified in

10  subdivision (b) of section 3289 of the Civil Code currently 10 percent per annum], which shall

11  accrue from the date that the wages were due and payable[.]"

12  ## SIXTH CAUSE OF ACTION

13  ### UNLAWFUL DEDUCTIONS AND FAILURE TO PAY WAGES

14  ### [LAB. CODE §§ 221, 204]

15  **Brought by PLAINTIFFS individually and as a CLASS Action against all Defendants**

16      54.    PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as

17  though fully alleged here.

18      55.    At all time relevant, DEFENDANTS made deductions from PLAINTIFFS and each

19  of the CLASS member's remuneration which were unlawful under Labor Code sections 221 and

20  224, which include the deductions listed on the "SETTLEMENT DETAILS" they were provided

21  with their remuneration, which constitute repeated and ongoing violations of sections 221 and 204

22  by DEFENDANTS.

23      56.    "It shall be unlawful for any employer to collect or receive from an employee any

24  part of wages theretofore paid by said employer to said employee." (Lab. Code, § 221.)

25      57.    Section 224 states in pertinent part as follows:

26          The provisions of Sections 221, 222 and 223 shall in no way make it

27          unlawful for an employer to withhold or divert any portion of an

28          employee's wages when the employer is required or empowered so to

16

**COMPLAINT**

1     do by state or federal law or when a deduction is expressly authorized

2     in writing by the employee to cover insurance premiums, hospital or

3     medical dues, or other deductions not amounting to a rebate or

4     deduction from the standard wage arrived at by collective bargaining or

5     pursuant to wage agreement or statute, or when a deduction to cover

6     health and welfare or pension plan contributions is expressly

7     authorized by a collective bargaining or wage agreement.

8 (Lab. Code, § 224.)

9     58.   "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2,

10 earned by any person in any employment are due and payable twice during each calendar month,

11 on days designated in advance by the employer as the regular paydays." (Lab. Code, § 204(a).)

12     59.   Based on DEFENDANTS aforementioned conduct, PLAINTIFFS and the rest of the

13 CLASS have suffered damages, injury and loss, for which PLAINTIFFS seek and are entitled to

14 recover all unpaid wages owed to PLAINTIFFS and the rest of the CLASS, plus interest and an

15 award of attorney fees and costs from DEFENDANTS pursuant to sections 221, 204, 218.5 and

16 218.6.

17     60.   Pursuant to section 218.6, in any action brought for the nonpayment of wages, the

18 Court shall award interest on all due and unpaid wages at the rate of interest specified in

19 subdivision (b) of section 3289 of the Civil Code currently 10 percent per annum], which shall

20 accrue from the date that the wages were due and payable[.]"

21 **<center>SEVENTH CAUSE OF ACTION</center>**

22 **<center>FAILURE TO PAY ALL EARNED WAGES UPON SEPARATION</center>**

23 **<center>[LAB. CODE § 203]</center>**

24 **Brought by PLAINTIFFS individually and as a CLASS Action against all Defendants**

25     61.   PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as

26 though fully alleged here.

27     62.   Sections 201 and 202 require that an employer pay all wages due to an employee

28 after said employee is discharged or quits.

<center>17</center>
<center>**COMPLAINT**</center>

63. Section 203 states in pertinent part as follows:

>    (a) If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, ... [or] 202, ... , any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. ....

>    (b) Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

64. The settled meaning of "willful," as used in Labor Code § 203, is that an employer has intentionally failed or refused to perform an act which was required to be done. (*Barnhill v. Robert Saunders & Co.* (1981) 125 Cal.App.3d 1, 7–8; *Amaral v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1201.) "[T]he employer's refusal to pay need not be based on a deliberate evil purpose to defraud workmen of wages which the employer knows to be due." (*Barnhill, supra, 125 Cal.App.3d at p. 7; Amaral, supra,* 163 Cal.App.4th at p. 1201.) "[A]n employee's rate of pay must be calculated as a daily figure, which can then be multiplied by the number of days of nonpayment." (*Mamika v. Barca* (1998) 68 Cal.App.4th 487, 494.) The daily rate is the employee's hourly rate multiplied by eight hours of work. (*See Ming-Hsiang Kao v. Joy Holiday* (2017) 2017 WL 2590653, at p. *8 ["... daily rate of pay is his hourly rate of $28.85 multiplied by eight hours of work ...."].)

65. At all times relevant, DEFENDANTS willfully failed, and the continue to fail, to pay PLAINTIFFS and the rest of the CLASS all of the unpaid wages they are oved for rest periods, nonproductive time, meal an d rest periods that were not provided and unlawful deductions from their wages, for which PLAINTIFFS seek and are entitled to recover from Defendants on behalf of themselves and the rest of the CLASS waiting time penalties pursuant to section 203 equal to 30 days of each of the PLAINTIFFS and the rest of the CLASS member's daily rate.

///

18

**COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGHTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### [LAB. CODE §§ 218.6, 226, 226.2(a)(2), 226.3, 558.1; WAGE ORDER 9 § 7]

**Brought by PLAINTIFFS individually and as a CLASS Action against all Defendants**

66.     PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as though fully alleged here.

67.     Section 226(a) requires DEFENDANTS, at the time of each payment of wages, to furnish each employee an accurate, itemized statement, in writing, showing gross wages earned, total hours worked by the employee any applicable order of the IWC, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. DEFENDANTS are required to keep a copy of the statement or a record of the deductions shall be kept on file for at least three years at the place of employment or at a central location within the State of California.

68.     Labor Code § 226.2(a)(2) states in pertinent part as follows:

> (a) For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period:
>
> ....
>
> (2) The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable:
>
> (A) The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.
>
> (B) Except for employers paying compensation for other nonproductive time in accordance with paragraph (7), the total hours of other nonproductive time, as determined under paragraph (5), the rate

19

**COMPLAINT**

1           of compensation, and the gross wages paid for that time during the pay

2           period.

3     69. DEFENDANTS willfully, knowingly and intentionally failed to provide PLAINTIFFS

4 and the rest of the CLASS with accurate wage statements with the information required by sections

5 226(a) and 226.2(a)(2).

6     70. Section 226(e) states that "An employee suffering injury as a result of a knowing and

7 intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of

8 all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and

9 one hundred dollars ($100) per employee for each violation in a subsequent pay period, not

10 exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of

11 costs and reasonable attorney's fees."

12     71. As a result of DEFENDANTS' aforementioned conduct, PLAINTIFFS and the rest of

13 the CLASS suffered injury and are presumed to have suffered under Labor Code § 226(e)(2)(B)

14 because DEFENDANTS failed to provide accurate and complete information as required by any one

15 or more of items (1) to (9), inclusive, of subdivision (a) of Labor Code § 226 and the employee

16 cannot promptly and easily determine from the wage statement alone one or more of the following:

17           (i) The amount of the gross wages or net wages paid to the employee

18           during the pay period or any of the other information required to be

19           provided on the itemized wage statement pursuant to items (2) to (4),

20           inclusive, (6), and (9) of subdivision (a).

21           (ii) Which deductions the employer made from gross wages to

22           determine the net wages paid to the employee during the pay period.

23           Nothing in this subdivision alters the ability of the employer to

24           aggregate deductions consistent with the requirements of item (4) of

25           subdivision (a).

26           (iii) The name and address of the employer.

27     72. When construing "willful" in the context of wage and hour Labor Code violations,

28 Courts have held that: "[To] be at fault within the meaning of the statute, the employer's refusal to

**COMPLAINT**

1 | pay need not be based on a deliberate evil purpose…, 'willful' merely means that the employer

2 | intentionally failed or refused to perform an act which was required to be done." (*Barnhill v.*

3 | *Robert Saunders & Co.* (1981) 125 Cal.App.3d 1, 7-8 [177 Cal.Rptr. 803]; and see *Choate v. Celite*

4 | *Corporation* (2013) 215 Cal.App.4th 1460, 1468).

5 |     73. Based on Defendants' aforementioned conduct, PLAINTIFFS and the rest of the CLASS

6 | are entitled to recover the maximum amount of penalties set forth in section 226(e), plus an award

7 | of reasonable attorney's fees and costs pursuant to Labor Code § 226(e).

8 | <div align="center">**NINTH CAUSE OF ACTION**</div>

9 | <div align="center">**UNFAIR BUSINESS PRACTICES**</div>

10 | <div align="center">**[BUS. AND PROF. CODE § 17200 *ET SEQ.*]**</div>

11 | **Brought by PLAINTIFFS individually and as a CLASS Action against all Defendants**

12 |     74.    PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as

13 | though fully alleged here.

14 |     75. PLAINTIFFS is suing DEFENDANTS pursuant to Business and Professions Code §

15 | 17200 *et seq.*

16 |     76. By violating the statutes and regulations as alleged herein, DEFENDANTS' acts

17 | constitute unlawful and unfair business practices under California Business and Professions Code §

18 | 17200 *et seq.* At all times relevant since four years prior to the commencement of this action,

19 | DEFENDANTS violated and continue to violate the law, as expressed in sections 204, 221, 224,

20 | 226.2, 226.7, 512, 1197, 1198, 2802; *Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864;

21 | WAGE ORDER 9 §§ 11, 12, MIN. WAGE ORDERS and Business & Professions Code §§ 17200,

22 | et seq., as alleged hereinabove, by failing to reimburse PLAINTIFFS and the rest of the CLASS for

23 | unpaid reimbursement for all necessary expenditures or losses incurred by them, including, but not

24 | limited to, expenses, in direct consequence of the discharge of their duties, or in obedience to the

25 | directions of DEFENDANTS under Labor Code § 2802 et seq.; failing to compensate PLAINTIFFS

26 | and the rest of the CLASS for rest periods separate from PLAINTIFFS' piece rate compensation;

27 | failing to provide PLAINTIFFS with required meal and rest periods and failing to pay premium

28 | wages owed for meal and rest periods that were not provided; and failing to pay at least minimum

<div align="center">21</div>
<div align="center">**COMPLAINT**</div>

1    wages for all hours worked.

2        77.  DEFENDANTS' violations of the statutes and regulations as alleged herein are business

3    practices done repeatedly over a significant period of time, in California, and in a systematic manner

4    to the detriment of PLAINTIFFS and the rest of the CLASS.

5        78.  The harm to PLAINTIFFS and the rest of the CLASS outweighs any utility of

6    DEFENDANTS' policies and practices, as alleged herein, and consequently constitutes unfair

7    business acts or practices within the meaning of Business and Professions Code §§ 17200, et seq.

8        79.  As a direct and proximate result of the aforementioned acts by DEFENDANTS,

9    DEFENDANTS wrongfully retained and continue to retain funds earned by PLAINTIFFS and the

10   rest of the CLASS, according to proof at the time of trial.

11       80.  The unfair and unlawful business acts and practices described herein present a

12   continuing threat to PLAINTIFFS and the rest of the CLASS and the California general public.

13   PLAINTIFFS is informed and believes and on such basis alleges that DEFENDANTS have engaged

14   in such practices over a number of years and have failed to indicate, in any way, that they plan to

15   cease such activities any time in the future.

16       81.  At all times relevant, PLAINTIFFS and the rest of the CLASS have suffered losses and

17   requests back pay and/or restitution of all monies and profits to be disgorged from DEFENDANTS

18   in an amount according to proof at time of trial, but in excess of the Court's jurisdiction

19   requirement, generally, including all awardable amounts, is over $25,000.

20       82.  Pursuant to Business and Professions Code §§ 17200, et seq., and pursuant to the

21   equitable powers of this court, DEFENDANTS should be preliminarily and permanently enjoined

22   from their unfair and unlawful business acts and practices.

23       83.  Pursuant to Business and Professions Code section 17200, *et seq.*, and pursuant to the

24   equitable powers of this court, DEFENDANTS should be ordered to disgorge and to restore to

25   PLAINTIFFS and the rest of the CLASS all funds DEFENDANTS retained by means of the unfair

26   and unlawful business acts and practices alleged herein, plus pre-judgment interest. (Bus. & Prof.

27   Code, § 17203; *Cortez vs. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163; *Ballard vs.*

28   *Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; *Irwin vs. Mascott* (ND

1   CA 2000) 112 F. Supp. 2d 937, 956.)

2   <div align="center">**TENTH CAUSE OF ACTION**</div>

3   <div align="center">**CIVIL PENALTIES UNDER PAGA**</div>

4   <div align="center">**[LAB. CODE §§ 2699, 512, 558, 1197, 1197.1; *ARIAS*, 46 CAL.4TH 969]**</div>

5   **Brought by PLAINTIFFS Individually and as a Private Enforcement Action Representative**

6   **Suit against EMPLOYER PAGA-DEFENDANT and INDIVIDUAL PAGA-DEFENDANT**

7       84.     PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as

8   though fully set forth herein.

9       85.     PLAINTIFFS bring this cause of action under section 2699(a) individually and as a

10   PAGA representative suit on behalf of PLAINTIFFS and all other AGGRIEVED EMPLOYEES

11   against the EMPLOYER PAGA-DEFENDANT and the INDIVIDUAL PAGA-DEFENDANT.

12       86.     Section 512 states in pertinent part as follows:

13            (a) An employer may not employ an employee for a work period of

14            more than five hours per day without providing the employee with a

15            meal period of not less than 30 minutes, .... An employer may not

16            employ an employee for a work period of more than 10 hours per day

17            without providing the employee with a second meal period of not less

18            than 30 minutes, ....

19       17.     Section 558 states in pertinent part as follows:

20            (a) Any employer or other person acting on behalf of an employer who

21            violates, or causes to be violated, a section of this chapter or any

22            provision regulating hours and days of work in any order of the

23            Industrial Welfare Commission shall be subject to a civil penalty as

24            follows:

25            (1) For any initial violation, fifty dollars ($50) for each underpaid

26            employee for each pay period for which the employee was underpaid in

27            addition to an amount sufficient to recover underpaid wages.

28

<div align="center">23</div>
<div align="center">**COMPLAINT**</div>

1              (2) For each subsequent violation, one hundred dollars ($100) for each

2              underpaid employee for each pay period for which the employee was

3              underpaid in addition to an amount sufficient to recover underpaid

4              wages.

5          87.    Section 558 Penalties For Violations Of Section 512. EMPLOYER PAGA-

6    DEFENDANT failed to provide PLAINTIFFS and other AGGRIEVED EMPLOYEES with

7    required meal periods in violation of section 512. At all times relevant, EMPLOYER PAGA-

8    DEFENDANT employed PLAINTIFFS and other AGGRIEVED EMPLOYEES for work periods

9    of more than five hours per day without providing them with an off-duty, uninterrupted meal

10   period of not less than 30 minutes, and for work periods of more than 10 hours per day without

11   providing them with a second off-duty, uninterrupted meal period of not less than 30 minutes. At

12   all times relevant, the INDIVIDUAL PAGA-DEFENDANT was as a person acting on behalf of the

13   EMPLOYER PAGA-DEFENDANT who caused the same to violate section 512. For example, the

14   INDIVIDUAL PAGA-DEFENDANT was the individual acting on behalf of the EMPLOYER

15   PAGA-DEFENDANT who told Plaintiff Santos Garcia that he could not let the truck out of his

16   sight at any time, even when the truck was not loaded because until the truck was paid off it was

17   not his truck and Evans Delivery did not want the truck to be stolen, which means he was never

18   provided with an off-duty meal period as required under California law because Plaintiff and all

19   AGGRIEVED EMPLOYEES were required to always watch the truck and watching is

20   working. California requires that employees be relieved of all responsibilities during 10 minute and

21   meal breaks. Since Plaintiff was required to work i.e. watch the truck at all times, he could not take

22   those breaks. PLAINTIFFS therefore seek and are entitled to recover civil penalties, in addition to

23   an amount sufficient to recover underpaid wages, under section 558 from the EMPLOYER PAGA-

24   DEFENDANT and INDIVIDUAL PAGA-DEFENDANT, jointly and severally, owed to

25   PLAINTIFFS and each of the other AGGRIEVED EMPLOYEES, for each pay period said

26   Defendants, and each of them committed/commits a violation of section 512 against PLAINTIFFS

27   and/or any of the other AGGRIEVED EMPLOYEES, plus an award of reasonable attorney's fees

28   and costs pursuant to section 2699(g)(1).

88.    Section 558 Penalties For Violations Of Section 558 Predicated On Violations Of Subparts 11 And 12 Of WAGE ORDER 9. At all times relevant, PLAINTIFFS and other AGGRIEVED EMPLOYEES were employed as employees by EMPLOYER PAGA-DEFENDANT and during said employment they worked in excess of four hours per workday for which EMPLOYER PAGA-DEFENDANT did not provide PLAINTIFFS and other AGGRIEVED EMPLOYESS with 10 minutes of off-duty rest time during which they were relieved of all duty, for each fours hours or major potion thereof worked, nor were they paid an additional hour of wages for each rest period that was not provided, which constitutes repeated and ongoing violations subpart 12 of WAGE ORDER 9 and section 558 thereby, committed by EMPLOYER PAGA-DEFENDANT against PLAINTIFFS and other AGGRIEVED EMPLOYEES. The EMPLOYER PAGA-DEFENDANT'S failure to provide meal periods as alleges above, for which they were not paid an additional hour of wages for each rest period that was not provided, also constitutes violations section subpart 11 of WAGE ORDER 9 and section 558 thereby. At all times relevant, the INDIVIDUAL PAGA-DEFENDANT was as a person acting on behalf of the EMPLOYER PAGA-DEFENDANT who caused the same to violate subparts 11 and 12 of WAGE ORDER 9 and section 558 thereby. For example, the INDIVIDUAL PAGA-DEFENDANT was the individual acting on behalf of the EMPLOYER PAGA-DEFENDANT who told Plaintiff Santos Garcia that he could not let the truck out of his sight at any time, even when the truck was not loaded because until the truck was paid off it was not his truck and Evans Delivery did not want the truck to be stolen, which means he was never provided with an off-duty meal or rest period as required under California law because Plaintiff and all AGGRIEVED EMPLOYEES were required to always watch the truck and watching is working. California requires that employees be relieved of all responsibilities during 10 minute and meal breaks. Since Plaintiff was required to work i.e. watch the truck at all times, he could not take those breaks. PLAINTIFFS therefore seek and are entitled to recover civil penalties, in addition to an amount sufficient to recover underpaid wages, under section 558 from the EMPLOYER PAGA-DEFENDANT and INDIVIDUAL PAGA-DEFENDANT, jointly and severally, owed to PLAINTIFFS and each of the other AGGRIEVED EMPLOYEES, for each pay period said Defendants, and each of them committed/commits a

25
**COMPLAINT**

1    violation of subpart 11 and/or 12 of WAGE ORDER 9 and section 558 thereby, against

2    PLAINTIFFS and/or any of the other AGGRIEVED EMPLOYEES, plus an award of reasonable

3    attorney's fees and costs pursuant to section 2699(g)(1).

### ELEVENTH CAUSE OF ACTION

### CIVIL PENALTIES UNDER PAGA

**[LAB. CODE §§ 2699, 226, 226.2, 226.3, 1198, 2802, 226.7, 204, 210, 203; WAGE**

**ORDER 9 §§ 11, 12; MIN. WAGE ORDERS; *ARIAS*, 46 CAL.4TH 969]**

**Brought by PLAINTIFFS Individually and as a Private Enforcement Action Representative**

**Suit against EMPLOYER PAGA-DEFENDANT**

10       89.    PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as

11   though fully set forth herein.

12       90.    PLAINTIFFS bring this cause of action under Labor Code section 2699(a) as a

13   PAGA representative suit on behalf of PLAINTIFFS and all other AGGRIEVED EMPLOYEES

14   against EMPLOYER PAGA-DEFENDANT.

15       91.    Section 226.3 states as follows:

16            Any employer who violates subdivision (a) of Section 226 shall be

17            subject to a civil penalty in the amount of two hundred fifty dollars

18            ($250) per employee per violation in an initial citation and one

19            thousand dollars ($1,000) per employee for each violation in a

20            subsequent citation, for which the employer fails to provide the

21            employee a wage deduction statement or fails to keep the records

22            required in subdivision (a) of Section 226.

23       92.    Section 226.3 Penalties for Violations of Sections 226 and 226.2. EMPLOYER

24   PAGA-DEFENDANT failed to provide PLAINTIFFS and other AGGRIEVED EMPLOYEES

25   with accurate itemized wage statements in violation of Labor Code section 226(a) by failing to

26   include, without limitation, the information required by Labor Code section 226.2(a)(2), total hours

27   worked and applicable rates, for which PLAINTIFFS seeks on behalf of PLAINTIFFS and all other

28   AGGRIEVED EMPLOYEES, and is entitled to recover, civil penalties from EMPLOYER PAGA-

1  DEFENDANT under section 226.3 for each pay period in which a violation occurred, plus an

2  award of reasonable attorney fees and costs pursuant to Labor Code section 2699(g)(1).

3      18.    Section 2699(f) sets forth the amount of the civil penalty to be awarded under PAGA

4  for Labor Code violations for which a civil penalty amount is not specifically provided:

5              (f) For all provisions of this code except those for which a civil penalty

6              is specifically provided, there is established a civil penalty for a

7              violation of these provisions, as follows: …. (2) If, at the time of the

8              alleged violation, the person employs one or more employees, the civil

9              penalty is one hundred dollars ($100) for each aggrieved employee per

10             pay period for the initial violation and two hundred dollars ($200) for

11             each aggrieved employee per pay period for each subsequent violation.

12     19.    Section 2699(f) Penalties for Violations of Section 226.2. PLAINTIFFS and all other

13 AGGRIEVED EMPLOYEES were paid by EMPLOYER PAGA-DEFENDANT on a piece rate but

14 were not compensated for rest periods separately from their piece rate compensation, in violation

15 of section 226.2, for which PLAINTIFFS seek and are entitled to recover on behalf of

16 PLAINTIFFS and all other AGGRIEVED EMPLOYEES, civil penalties from EMPLOYER

17 PAGA-DEFENDANT under Labor Code section 2699(f) for each pay period in which a violation

18 occurred, plus an award of reasonable attorney fees and costs pursuant to Labor Code section

19 2699(g)(1).

20     20.    Section 2699(f) Penalties for Violations of Section 2802. Defendants failed to

21 reimburse PLAINTIFFS and other AGGRIEVED EMPLOYEES for business expenses including,

22 but not limited to, mileage, fuel and other costs associated with the trucks they used in the

23 discharge of their duties, for which PLAINTIFFS seek and are entitled to recover on behalf of

24 PLAINTIFFS and all other AGGRIEVED EMPLOYEES, civil penalties from EMPLOYER

25 PAGA-DEFENDANT under Labor Code section 2699(f) for each pay period in which a violation

26 occurred, plus an award of reasonable attorney fees and costs pursuant to Labor Code section

27 2699(g)(1).

28     21.    Section 2699(f) Penalties For Violations Of Section 226.7. At all times relevant,

1   EMPLOYER PAGA-DEFENDANT violated section 226.7 by failing to provide PLAINTIFFS and

2   all other AGGRIEVED EMPLOYEES with meal and rest periods required by subparts 11 and 12

3   of WAGE ORDER 9, as alleged above, for which the EMPLOYER PAGA-DEFENDANT failed

4   to pay them an additional hour of wages for each meal and rest period that was not provided, as

5   required by section 226.7, for which PLAINTIFFS seek and are entitled to recover civil penalties

6   from EMPLOYER PAGA-DEFENDANT, on behalf of PLAINTIFFS and all other AGGRIEVED

7   EMPLOYEES under section 2699(f) separately for each current, former and future employee for

8   each pay period a violation of section 226.7 was/is committed, plus an award of reasonable

9   attorney's fees and costs pursuant to section 2699(g)(1).

10       22.    Section 2699(f) Penalties for Violations of Section 203. EMPLOYER PAGA-

11   DEFENDANT violated section 203 by willfully failing to pay PLAINTIFFS and the other

12   AGGRIEVED EMPLOYEES all wages due after separation by failing to pay PLAINTIFFS and the

13   other AGGRIEVED EMPLOYEES who have separated from their emloyment, by willfully failing

14   to pay PLAINTIFFS and the other AGGRIEVED EMPLOYEES the wages they were and are due

15   as alleged herein, and then failing to pay them the waiting time penalties they were and are owed

16   under section 203, for which PLAINTIFFS seek and are entitled to recover civil penalties from

17   EMPLOYER PAGA-DEFENDANT, on behalf of PLAINTIFFS and all other AGGRIEVED

18   EMPLOYEES under section 2699(f) separately for each violation of section 203, for each pay

19   period that Defendants committed said violations, plus an award of reasonable attorney's fees and

20   costs pursuant to section 2699(g)(1).

21       23.    Section 1198: "The maximum hours of work and the standard conditions of labor

22   fixed by the commission shall be the maximum hours of work and the standard conditions of labor

23   for employees. The employment of any employee for longer hours than those fixed by the order or

24   under conditions of labor prohibited by the order is unlawful."

25       93. Labor Code Section 2699(f) Penalties for Violations of Section 1198. As alleged above,

26   EMPLOYER PAGA-DEFENDANT failed to provide PLAINTIFFS and all other AGGRIEVED

27   EMPLOYEES required meal and rest periods in violation of subparts 11 and 12 of WAGE

28   ORDER 9, for which PLAINTIFFS seek and are entitled to recover on behalf of PLAINTIFFS and

28

**COMPLAINT**

1   all other AGGRIEVED EMPLOYEES, civil penalties from EMPLOYER PAGA-DEFENDANT

2   under Labor Code section 2699(f) for each pay period in which a violation occurred, plus an award

3   of reasonable attorney fees and costs pursuant to Labor Code section 2699(g)(1).

4       94. Section 210 states in pertinent part as follows:

5           (a) In addition to, and entirely independent and apart from, any other

6           penalty provided in this article, every person who fails to pay the

7           wages of each employee as provided in Sections ... , 204, ..., shall be

8           subject to a civil penalty as follows:

9           (1) For any initial violation, one hundred dollars ($100) for each failure

10          to pay each employee.

11          (2) For each subsequent violation, or any willful or intentional

12          violation, two hundred dollars ($200) for each failure to pay each

13          employee, plus 25 percent of the amount unlawfully withheld.

14      95. Section 210 Penalties For Violations Of Sections 204 and 221. At all times relevant,

15  EMPLOYER PAGA-DEFENDANT made deductions from PLAINTIFFS and each of the CLASS

16  member's remuneration which were unlawful under sections 221 and 224, which include the

17  deductions listed on the "SETTLEMENT DETAILS" they were provided with their remuneration,

18  which resulted in them not being paid their wages semimonthly, all of which constitutes repeated

19  and ongoing violations of sections 204 and 221 by EMPLOYER PAGA-DEFENDANT, for which

20  PLAINTIFFS seek and are entitled to recover civil penalties from EMPLOYER PAGA-

21  DEFENDANT, on behalf of PLAINTIFFS and all other AGGRIEVED EMPLOYEES under

22  section 210 separately for each current, former and future employee for each pay period a violation

23  of section 204 and/or 221 was/is committed, plus an award of reasonable attorney's fees and costs

24  pursuant to section 2699(g)(1).

25      96.   Section 1197.1 states the following in pertinent part:

26          (a) Any employer or other person acting either individually or as an

27          officer, agent, or employee of another person, who pays or causes to be

28          paid to any employee a wage less than the minimum fixed by an

29

COMPLAINT

1    applicable state or local law, or by an order of the commission shall be

2    subject to a civil penalty, restitution of wages, liquidated damages

3    payable to the employee, and any applicable penalties imposed

4    pursuant to Section 203 as follows:

5    (1) For any initial violation that is intentionally committed, one

6    hundred dollars ($100) for each underpaid employee for each pay

7    period for which the employee is underpaid. This amount shall be in

8    addition to an amount sufficient to recover underpaid wages, liquidated

9    damages pursuant to Section 1194.2, and any applicable penalties

10    imposed pursuant to Section 203.

11    (2) For each subsequent violation for the same specific offense, two

12    hundred fifty dollars ($250) for each underpaid employee for each pay

13    period for which the employee is underpaid regardless of whether the

14    initial violation is intentionally committed. This amount shall be in

15    addition to an amount sufficient to recover underpaid wages, liquidated

16    damages pursuant to Section 1194.2, and any applicable penalties

17    imposed pursuant to Section 203.

18    (3) Wages, liquidated damages, and any applicable penalties imposed

19    pursuant to Section 203, recovered pursuant to this section shall be

20    paid to the affected employee.

21    97.    Section 1197.1 penalties for violations of section 1197. At all times relevant,

22    PLAINTIFFS and other AGGRIEVED EMPLOYEES were paid by EMPLOYER PAGA-

23    DEFENDANT on a piece rate basis but were not compensated for rest periods separately from

24    their piece rate compensation, nor were they paid the minimum wage for all hours worked

25    performing work at the direction of EMPLOYER PAGA-DEFENDANT that precluded

26    PLAINTIFFS and the other AGGRIEVED EMPLOYEES from the opportunity to earn a piece rate,

27    in violation of section 1197. PLAINTIFFS therefore seeks and are entitled to recover civil penalties

28    under section 1197.1 from EMPLOYER PAGA-DEFENDANT, owed to PLAINTIFFS and each of

**COMPLAINT**

1  the other AGGRIEVED EMPLOYEES for each pay period EMPLOYER PAGA-DEFENDANT

2  committed/commits a violation of section 1197, in addition to an amount sufficient to recover

3  underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties

4  imposed pursuant to section 203, plus an award of reasonable attorney's fees and costs pursuant to

5  section 2699(g)(1).

6  ## PRAYER FOR RELIEF

7  98.   WHEREFORE, PLAINTIFFS prays for judgment against each of the Defendants,

8  jointly and severally, as follows:

9  ## FIRST CAUSE OF ACTION

10  99.   For the recovery of all unpaid wages owed to PLAINTIFFS and the rest of

11  the CLASS pursuant to sections 226.2 and 1194, in an amount according to

12  proof at trial;

13  100. For an award of liquidated damages pursuant to section 1194.2(a);

14  101. For an award of prejudgment interest pursuant to sections 218.6 and 1194; and,

15  102. For an award of reasonable attorney's fees and costs pursuant to sections 218.5 and

16  1194.

17  ## SECOND CAUSE OF ACTION

18  103. For the recovery of all unpaid minimum wages owed to PLAINTIFFS and

19  the rest of the CLASS pursuant to sections 226.2 and 1194, in an amount

20  according to proof at trial;

21  104. For an award of liquidated damages pursuant to section 1194.2(a);

22  105. For an award of prejudgment interest pursuant to sections 218.6 and 1194; and,

23  106. For an award of reasonable attorney's fees and costs pursuant to sections 218.5 and

24  1194.

25  ## THIRD CAUSE OF ACTION

26  107. For reimbursement and indemnification all unreimbursed expenses owed to

27  PLAINTIFFS and the rest of the CLASS pursuant to section 2802, in an

28  amount according to proof at trial;

31

**COMPLAINT**

108. For an award of pre-judgment interest pursuant to section 2802(b);

109. For an award of attorney fees pursuant to section 2802(c); and,

110. For all costs incurred;

## FOURTH AND FIFTH CAUSES OF ACTION

111. For the recovery of all premium wages owed to PLAINTIFFS and the rest of the CLASS pursuant to section 226.7, in an amount according to proof at trial;

112. For an award of prejudgment interest pursuant to section 218.6; and

113. For an award of attorney's fees pursuant to C.C.P. section 1021.5.

## SIXTH CAUSE OF ACTION

114. For the recovery of all unpaid wages owed to PLAINTIFFS and the rest of the CLASS pursuant to sections 204, in an amount according to proof at trial;

115. For an award of prejudgment interest pursuant to sections 218.6; and,

116. For an award of reasonable attorney's fees pursuant to section 218.5.

## SEVENTH CAUSE OF ACTION

117. That Defendants are ordered to pay PLAINTIFFS and the rest of the CLASS the maximum statutory penalties under section 203, in an amount according to proof at trial.

## EIGHTH CAUSE OF ACTION

118. That Defendants are ordered to pay PLAINTIFFS and the rest of the CLASS the maximum statutory penalties under section 226(e), in an amount according to proof at trial; and,

119. For an award of attorney's fees pursuant to section 226(e).

## NINTH CAUSE OF ACTION

120. For injunctive relief ordering DEFENDANTS to discontinue the unfair and unlawful practices as alleged herein;

121. That DEFENDANTS be ordered to be disgorge all monies they obtained

1      from PLAINTIFFS and the rest of the CLASS as a result of their unlawful

2      and unfair business acts and practices, including all funds DEFENDANTS

3      retained from expenditures made by PLAINTIFFS and the rest of the

4      CLASS for reimbursable expenses and all funds they paid out-of-pocket in

5      order to perform services for DEFENDANTS or deducted from their

6      remuneration by DEFENDANTS, by means of the unfair and unlawful

7      business acts and practices alleged herein;

8    122. That DEFENDANTS be ordered to restore to PLAINTIFFS and the rest of

9      the CLASS all funds DEFENDANTS retained from PLAINTIFFS'

10      remuneration for the cost of DEFENDANTS' expenses, by means of the

11      unfair and unlawful business acts and practices alleged herein;

12    123. That DEFENDANTS be ordered to restore all expenditures made by

13      PLAINTIFFS and the rest of the CLASS or deductions by DEFENDANTS

14      from their remuneration in an amount according to proof at time of trial;

15    124. For restitution of all premium wages owed for meal and rest periods that

16      were not provided, and compensation owed for rest periods that should have

17      been separately compensation from PLAINTIFFS and the rest of the CLASS

18      members' piece rate, unlawfully and improperly withheld or obtained from

19      PLAINTIFFS by means of the unfair and unlawful business acts and

20      practices alleged herein;

21    125. For interest pursuant to Business & Professions Code § 17203, *Ballard vs.*

22      *Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177

23      and *Irwin vs. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956, and under

24      the equitable powers of the Court;

25    126. For reasonable costs as provided by C.C.P. § 1032 and,

26    127. For an award of attorney's fees pursuant to C.C.P. section 1021.5.

27                         **TENTH CAUSE OF ACTION**

28    128. For the recovery of civil penalties under section 558 on behalf of

<div align="center">33</div>

1    PLAINTIFFS and all other AGGRIEVED EMPLOYEES, in addition to an

2    amount sufficient to recover underpaid wages; and,

3    129. For an award of reasonable attorney's fees and costs pursuant to section

4    2699(g)(1).

5    **ELEVENTH CAUSE OF ACTION**

6    130. For the recovery of civil penalties sections 210, 226.3 and 2699(f) on behalf

7    of PLAINTIFFS and all other AGGRIEVED EMPLOYEES;

8    131. For the recovery of civil penalties under section 1197.1 on behalf of

9    PLAINTIFFS and all other AGGRIEVED EMPLOYEES, in addition to an

10   amount sufficient to recover underpaid wages, liquidated damages pursuant

11   to Section 1194.2, and any applicable penalties imposed pursuant to section

12   203;

13   132. For an award of reasonable attorney's fees and costs pursuant to section

14   2699(g).

15   **ALL CAUSES OF ACTION**

16   133. For unpaid compensation and penalties as allowed by law, which amount is

17   in excess of $25,000;

18   134. For an award of reasonable attorney's fees pursuant to section 218.5 and as

19   otherwise allowed by law;

20   135. For interest as allowed by law;

21   136. For costs of suit herein incurred; and,

22   137. For such other and further relief as the court deems proper.

23   Dated: November 6, 2018                    LAW OFFICES OF STEPHEN GLICK
                                                 By: _____
24
                                                    M. Anthony Jenkins
25                                                  Attorney for Plaintiffs SANTOS H. GARCIA,
                                                    RAMIRO OROZCO and MICHEL SALMO,
26                                                  individually and on behalf of all others
                                                    similarly situated, all current, former and future
27                                                  aggrieved employees, and the general public of
28                                                  California

34

**COMPLAINT**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/08/2018**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Isaac Lovo _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>18STCV04250 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Kenneth R. Freeman | 14 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on  11/08/2018
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By  Isaac Lovo                          , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| M. Anthony Jenkins, SBN 171958<br>Law Offices of Stephen Glick<br>1055 Wilshire Blvd.<br>Suite 1480<br>Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 3857-340    FAX NO.: (213) 387-7872<br>ATTORNEY FOR *(Name)*: Santos H. Garcia, Ramiro Orozco & Mich | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 0 8 2018<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By _____ Deputy<br>Isaac Lovo |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME: Garcia, et al. v. Evans Delivery Company, Inc.

| **CIVIL CASE COVER SHEET**<br>[x] Unlimited  [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER 18STCV04250 |
|---|---|---|
| | | JUDGE: |
| | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: 11
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:

M. Anthony Jenkins, SBN 171958
_____ ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std 3.10

**SUMMONS**
*(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** EVANS DELIVERY COMPANY, INC., a
*(AVISO AL DEMANDADO):* corporation; ALLEN CEPEDA; DOES 1 through
100, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Los Angeles

NOV 0 8 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By _____ Deputy
Isaac Lovo

**YOU ARE BEING SUED BY PLAINTIFF:** SANTOS H. GARCIA,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually and on behalf
of all others similarly situated, all current, former and future aggrieved
employees, and the general public of California; Additional Parties Attachment
form is attached

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER**
*(Número del Caso):* **18STCV04250**

Los Angeles Superior Court
111 North Hill Street
111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
M. Anthony Jenkins, SBN 171958           (213) 3857-340          (213) 387-7872
Law Offices of Stephen Glick
1055 Wilshire Blvd., Suite 1480
Los Angeles, CA 90017

DATE: **NOV 0 8 2018**       SHERRI R. CARTER        Clerk, by _____, Deputy
*(Fecha)*                                                              *(Secretario)*                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Alaina C. Hawley. (SBN 309191)
ahawley@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, Indiana 46214
Tel:  (317) 637-1777
Fax: (317) 687-2414

Attorney for Defendants
EVANS DELIVERY COMPANY, INC.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| SANTOS H. GARCIA, individually and on behalf of all others similarly situated, all current, former and future aggrieved employees, and the general public of California; RAMIRO OROZCO, individually and on behalf of all others similarly situated, all current, former and future aggrieved employees, and the general public of California; MICHEL SALMO, individually and on behalf of all others similarly situated, all current, former and future aggrieved employees, and the general public of California;<br><br>Plaintiffs,<br><br>vs.<br><br>EVANS DELIVERY COMPANY, INC., a corporation; ALLEN CEPEDA; DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 18STCV04250<br><br><br><br><br><br>**DEFENDANT'S NOTICE OF APPEARANCE OF COUNSEL** |

TO ALL PARTIES OF RECORD:   NOTICE IS HEREBY GIVEN that the named defendant Evans Delivery Company, Inc. is represented in this matter by Alaina C. Hawley, of the firm Scopelitis, Garvin, Light, Hanson & Feary, P.C., telephone (317) 637-1777, facsimile (317) 687-2414, e-mail: ahawley@scopelitis.com.

///

///

All further notices to Evans Delivery Company, Inc. shall be served on counsel as identified.

Dated: January 24, 2019

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.

By: _____
Alaina C. Hawley
Attorney for Defendant,
EVANS DELIVERY COMPANY, INC.

DEFENDANTS' NOTICE OF APPEARANCE OF COUNSEL

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

  I, **Michelle Lazo,** am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

  On January 24, 2019, I served the foregoing document described as **NOTICE OF APPEARANCE** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Stephen Glick, Esq.
> M. Anthony Jenkins, Esq.
> LAW OFFICES OF STEPHEN GLICK
> 1055 Wilshire Boulevard, Suite 1480
> Los Angeles, California 90017

√   **(BY MAIL)** I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

√   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

√   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

  Executed on January 24, 2019, at Pasadena, California.

_____
Michelle Lazo

4839-8007-9493, v. 1

1

2

3

4

5

6

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 1 3 2019

Sherri R. Carter, Executive Officer/Clerk
By: Roxanne Arraiga, Deputy

7      SUPERIOR COURT OF THE STATE OF CALIFORNIA

8      COUNTY OF LOS ANGELES

9      CENTRAL DISTRICT

10

| | |
|---|---|
| SANTOS H. GARCIA, RAMIRO OROZCO, and MICHEL SALMO, et al., | Case No. 18STCV04250 |
| Plaintiff, | INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) |
| vs. | Case Assigned for All Purposes to Judge Kenneth R. Freeman |
| EVANS DELIVERY COMPANY, INC.; ALLEN CEPEDA, et al., | Department: 14 |
| Defendants. | Date:       April 5, 2019 |
| | Time:       10:00 a.m. |

11

12

13

14

15

16

17      This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex

18   Litigation Program.  An Initial Status Conference is set for **April 5, 2019, at 10:00 a.m., in**

19
     **Department 14** located in the **Spring Street Courthouse,** at United States District Court, at 312
20
     N. Spring Street, Los Angeles, California 90012.  Counsel for all the parties are ordered to attend.
21

22      The Court orders counsel to prepare for the Initial Status Conference by identifying and

23   discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

24   initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

25   agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status

26
     Conference Class Action Response Statement ten (10) court days (**March 22, 2019 and provide a**
27
     **conformed courtesy copy DIRECTLY in Department 14)** before the Initial Status Conference.
28

INITIAL STATUS CONFERENCE ORDER

The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and

-2-

describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include:

- Early motions in limine,
- Early motions about particular jury instructions,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the

-3-

kind of discovery you propose[1].

**12.  INSURANCE COVERAGE:**  Please state if there is insurance for indemnity or reimbursement.

**13.  ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14.  TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

■ The next status conference,

■ A schedule for alternative dispute resolution, if it is relevant,

■ A filing deadline for the motion for class certification, and

■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15.  ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service. While the parties are free to choose one of the services shown below, this Court (Department 14) prefers that the parties select:

■ **Case Anywhere (http://www.caseanywhere.com).**

The parties are not required to select Case Anywhere, but may chose instead either

■ File & Serve Xpress (https://secure.fileandservexpress.com) or

■ CaseHomePage (http://www.casehomepage.com).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If

---

[1] See California Rule of Court, Rule 3.768.

INITIAL STATUS CONFERENCE ORDER

1  parties cannot agree, the Court will select the vendor at the Initial Status Conference. Electronic

2  service is not the same as electronic filing. Only traditional methods of filing by physical delivery

3  of original papers or by fax filing are presently acceptable.

4       **Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

5       "A dismissal of an entire class action, or of any party or cause of action in a class action,

6  requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting

7
   forth the facts on which the party relies. The declaration must clearly state whether consideration,
8
9  direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2]

10 If the parties have settled the class action, that too will require judicial approval based on a noticed

11 motion (although it may be possible to shorten time by consent for good cause shown).

12       Pending further order of this Court, and except as otherwise provided in this Initial Status

13 Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the

14
   filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the
15
16 Court. However, any defendant may file a Notice of Appearance for purposes of identification of

17 counsel and preparation of a service list. The filing of such a Notice of Appearance shall be

18 without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural

19 challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice

20 to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the

21 parties in managing this "complex" case through the development of an orderly schedule for

22
   briefing and hearings on procedural and substantive challenges to the complaint and other issues
23
24 that may assist in the orderly management of these cases. This stay shall not preclude the parties

25 from informally exchanging documents that may assist in their initial evaluation of the issues

26 _____

27    [2] California Rule of Court, Rule 3.770(a)

28
                                         -5-

1   presented in this case, however shall stay all outstanding discovery requests.

2       Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

3   counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of

4   service of this order. If any defendant has not been served in this action, service is to be completed

5   within twenty (20) days of the date of this order.

6       Dated: February 13, 2019

7

8                              KENNETH R. FREEMAN

9                              Judge Kenneth R. Freeman

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

INITIAL STATUS CONFERENCE ORDER

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 14

**18STCV04250**                                                    February 13, 2019
**SANTOS H. GARCIA, et al. vs EVANS DELIVERY**                          7:40 AM
**COMPANY, INC., et al.**

Judge: Honorable Kenneth R. Freeman          CSR: None
Judicial Assistant: R. Arraiga               ERM: None
Courtroom Assistant: T. Lewis                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Regarding Newly Filed Class Action;

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 4/05/2019 at 10:00 AM in this department. At least 10 court days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

According to Government Code section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 14

**18STCV04250**                                                      February 13, 2019
**SANTOS H. GARCIA, et al. vs EVANS DELIVERY**                            7:40 AM
**COMPANY, INC., et al.**

Judge: Honorable Kenneth R. Freeman          CSR: None
Judicial Assistant: R. Arraiga               ERM: None
Courtroom Assistant: T. Lewis                Deputy Sheriff: None

Order on all parties forthwith and file a Proof of Service in this department within 7 days of
service.

Certificate of Mailing is attached.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

02/13/2019

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Roxanne Arraiga _____ Deputy

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Santos H. Garcia  et al

DEFENDANT/RESPONDENT:
Evans Delivery Company, Inc. et al

**CERTIFICATE OF MAILING**

CASE NUMBER:
18STCV04250

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Stephen  Glick
Law Ofc Stephen Glick
1055 Wilshire Blvd
Suite 1480
Los Angeles, CA  90017

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>02/13/2019</u>

By: <u>  Roxanne Arraiga                                    </u>
Deputy Clerk

**CERTIFICATE OF MAILING**

**LAW OFFICES OF STEPHEN GLICK**
Stephen Glick (SBN 59404)
sglick@glicklegal.com
M. Anthony Jenkins (SBN 171958)
ajenkins@glicklegal.com
1055 Wilshire Boulevard, Suite 1480
Los Angeles, California 90017
Telephone: (213) 387-3400
Fax: (213) 387-7872

Attorney for Plaintiffs SANTOS H. GARCIA, RAMIRO OROZCO and MICHEL SALMO, individually and on behalf of all others similarly situated, all current, former and future aggrieved employees, and the general public of California, and Plaintiffs WILVER ANTONIO VASQUEZ QUINTANILLA and EDGAR VELIZ BAEZA, individually and on behalf of all others similarly situated and the general public of California

(Counsel cont. on next page)

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | |
|---|---|
| SANTOS H. GARCIA, individually and on behalf of all others similarly situated, all current, former and future aggrieved employees, and the general public of California; RAMIRO OROZCO, individually and on behalf of all others similarly situated, all current, former and future aggrieved employees, and the general public of California; MICHEL SALMO, individually and on behalf of all others similarly situated, all current, former and future aggrieved employees, and the general public of California, <br><br> Plaintiffs, <br><br> *vs.* <br><br> EVANS DELIVERY COMPANY, INC., a corporation; ALLEN CEPEDA; DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 18STCV04250 <br><br> Dept. 14 <br> Spring Street Courthouse <br> Judge: Honorable Kenneth R. Freeman <br><br> **JOINT INITIAL STATUS CONFERENCE CLASS ACTION RESPONSE STATEMENT** <br><br> **BY FAX** <br><br> Date: April 5, 2019 <br> Time: 10:00 a.m. <br> Dept: 14 <br><br> Filing Date: 11/08/2018 |

1

JOINT INITIAL STATUS CONFERENCE CLASS ACTION RESPONSE STATEMENT

Alaina C. Hawley (SBN 309191)
ahawley@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, Indiana 46214
Tel:  (317) 637-1777
Fax: (317) 687-2414

Attorney for Defendant, Evans Delivery Company, Inc.

2

JOINT INITIAL STATUS CONFERENCE CLASS ACTION RESPONSE STATEMENT

1   Plaintiffs and Defendant Evans Delivery Company, Inc. (hereinafter "Evans") respectfully

2   submit the following Joint Initial Status Conference Class Action Response Statement. Plaintiffs

3   have attempted to serve the complaint on Defendant Allen Cepeda and intend to submit an

4   application for an order for service by publication once the stay in this action is lifted.

5   **1.   THE PARTIES.**

6

| Plaintiffs SANTOS H. GARCIA, RAMIRO OROZCO and MICHEL SALMO | Stephen Glick<br>M. Anthony Jenkins<br>LAW OFFICES OF STEPHEN GLICK<br>1055 Wilshire Blvd., Suite 1480<br>Los Angeles, CA 90017 |
|---|---|
| Defendant EVANS DELIVERY COMPANY, INC. | Alaina C. Hawley<br>SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.<br>10 West Market Street, Suite 1400<br>Indianapolis, IN 46214 |
| Defendant ALLEN CEPEDA | |

**2.   POTENTIAL ADDITIONAL PARTIES**

Plaintiff seeks to add to Plaintiff/Class Representatives, Wilver Antonio Vasquez Quintanilla and Edgar Veliz Baeza, which Evans does not oppose.

On March 20, 2019, Plaintiffs emailed Evans a proposed First Amended Complaint ("FAC") adding the two new plaintiffs, and correcting some inconsequential grammatical paragraph numbering errors.

Plaintiffs request that the Court lift the stay in this action to allow the filing of the FAC.

Plaintiffs intend to add as Doe Defendants the individual owners, directors, officers and/or managing agents of Evans who may be liable under Labor Code section 558.1; Plaintiffs request that they be permitted to conduct discovery on this issue as part of the class certification issue discovery agreed to below.

3

**3. IMPROPERLY NAMED DEFENDANT(S)**

None.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE**

Discovery is needed before Evans can determine Plaintiffs' adequacy as class representatives.

**5. ESTIMATED CLASS SIZE**

Evans is investigating the size of the putative class, but it estimates it to be 125 or more.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS**

None.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES**

None.

**8. POTENTIAL EARLY CRUCIAL MOTIONS**

Evans is investigating whether it has grounds to remove the case to federal court and anticipates concluding its investigation and, if warranted, filing a notice of removal in the next 30-60 days.

Evans anticipates filing dispositive motions showing Plaintiffs' claims are preempted by the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. § 14501(c)(1), the Federal Leasing Regulations, 49 C.F.R. Part 376, the Federal Motor Carrier Safety Regulations, 49 C.F.R. Part 395, and 49 U.S.C. § 31141 as determined by the U.S. Department of Transportation, Federal Motor Carrier Safety Administration in California Meal and Rest Break Rules for Commercial Motor Vehicle Drivers; Petition for Determination of Preemption (83 Fed. Reg. 67,470 (Dec. 28, 2018)).

**9. CLASS CONTACT INFORMATION**

Plaintiff's position: Plaintiff will split the cost of an "opt-out" procedure.

Evans' position: Evans is willing to proceed via *Belaire-West* notices.

**10. PROTECTIVE ORDERS**

The parties are willing to stipulate to the Los Angeles Superior Court standard protective order. Evans will draft and submit the proposed order.

4

**11.    DISCOVERY**

The parties agree the stay should be lifted to allow class certification issue discovery, which may include factual issues that overlap with the merits of the case, including Plaintiffs' individual claims and liability under Labor Code section 558.1.

**12.    INSURANCE COVERAGE**

Evans has insurance for indemnity or reimbursement.

**13.    ALTERNATIVE DISPUTE RESOLUTION**

If the case is not removed to federal court, Evans is willing to consider alternative resolution of the case.

Plaintiffs are interested in discussing the possibility of an early mediation as soon are Evans is ready to discuss in further detail.

**14.    TIMELINE FOR CASE MANAGEMENT**

The parties agree they do not require a further status conference and that the filing deadline for a motion for class certification should be in one year.

**15.    ELECTRONIC SERVICE OF PAPERS**

The parties agree to use Case Anywhere.

1    Dated: March 22, 2019                    LAW OFFICES OF STEPHEN GLICK

2                                             By: _____
                                                    M. Anthony Jenkins
3                                             Attorney for Plaintiffs SANTOS H. GARCIA,
                                              RAMIRO OROZCO and MICHEL SALMO,
4                                             individually and on behalf of all others
                                              similarly situated, all current, former and future
5                                             aggrieved employees, and the general public of
                                              California, and Plaintiffs WILVER ANTONIO
6                                             VASQUEZ QUINTANILLA and EDGAR
                                              VELIZ BAEZA, individually and on behalf of
7                                             all others similarly situated and the general
                                              public of California
8

9

10   Dated: March 22, 2019                    SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY,
                                              P.C.
11

12

13

14                                            By: _____
                                                          Per authorization
15                                            Alaina C. Hawley
                                              Attorney for Defendant EVANS DELIVERY
16                                            COMPANY, INC.

17   4831-2521-2040, v. 3

18

19

20

21

22

23

24

25

26

27

28

                                          6
─────────────────────────────────────────────────────────────────
       JOINT INITIAL STATUS CONFERENCE CLASS ACTION RESPONSE STATEMENT

**PROOF OF SERVICE**
1013(a)CCP

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, Suite 1480, Los Angeles, California 90017.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On March 22, 2019, I served copies of the following documents:

**JOINT INITIAL STATUS CONFERENCE CLASS ACTION RESPONSE STATEMENT**

__X__    (**BY MAIL**) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

enclosed in a sealed envelope addressed as follows:

Alaina C. Hawley
SCOPELITIS, GARVIN, LIGHT, HANSON &
FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, Indiana 46214

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this March 22, 2019, at Los Angeles, California.

Elvin Cruz

1

**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 0 5 2019

Sherri R. Carter, Executive Officer/Clerk
By: Roxanne Arreiga, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**
**DEPARTMENT**
*Garcia v. Evans Delivery Company, Inc.*
**18STCV04250**
**CASE MANAGEMENT ORDER**

The court has read the Joint Initial Status Conference Report previously filed and issues the

following Case Management Order:

1. The Court lifts the pleading stay previously imposed to allow an amended complaint

   to add two additional Plaintiffs by May 17, 2019, and Defendants to file a response to

   the complaint within thirty days thereafter. If any defendant contemplates filing a

   demurrer to the complaint, a telephonic conference is to be arranged with the Court

   pursuant to paragraph 9 below.

2. Phased Discovery. Discovery will be phased with the stay lifted once the answer is

   filed or, if applicable, after the Court rules on the pleading challenge. The Court will

   permit class certification discovery only. Merits-based discovery will be allowed

   after a successful class certification motion. If there is a dispute concerning whether

   or not a given request is certification or merits-based, the parties are to set up a

   telephonic conference with the court.

3. PAGA Claims are stayed for all purposes pending resolution of class action and

   individual claims.

4. Class list discovery. The decision in *In Re Insurance Installment Fee cases* (2012)

   211 Cal.App.4th 1395, 1426-1429, held that the notice procedure prescribed by the

   trial court and followed by the defendant was necessary to protect privacy rights

   under the California Constitution. The parties therefore shall use the procedure

   described in *Belaire-West Landscape v Superior Court* (2008) 149 Cal.App.4th 554

   to notify putative class members (as described in the applicable paragraph of the

1

currently operative complaint), giving them the opportunity to opt out. The parties
are to share the cost of the procedure equally.

    a. Plaintiff is to take the lead and prepare a proposed letter to be sent out by the
       agreed-upon third party administrator. The parties will discuss and settle
       upon a final version.

    b. The letter will be written using the administrator's letterhead, not that of any
       party.

    c. The defense is to turn over the contact information consisting of name,
       address, phone number, and email address (if available) to the third-party
       administrator.

    d. In the event the putative class list is greater than 400 people, the administrator
       must randomly select a sample of no more than 400. The contact
       information for those persons who did not opt out must be turned over to the
       plaintiff.

5. Payroll Records Discovery. Responses to any payroll record discovery requests are to
be uniquely numbered and redacted so that putative class member's identifying
information, i.e., name, social security numbers, etc. are not revealed.

6. Protective Order. Parties must be aware of the model protective order to be found at
Los Angeles Superior Court website at http://www.lacourt.org under "Tools for
Litigators." A redlined courtesy copy is to be posted on the e-service bulletin board
and lodged with the court at the time of filing. The parties are to use the redlined
version to identify any changes the parties propose to the model order.

7. E-service. The parties have agreed, and the Court has signed an order authorizing
Case Anywhere as the e-service to be used in this case. The parties shall use the e-

2

service bulletin board in lieu of ex parte motions whenever possible. Argument shall not be posted on the bulletin board.

8. <u>Class Certification Motion</u>. The filing and posting date for class certification motion is 4/8/2020. The plaintiff is reminded that the plaintiff's brief is to contain a trial plan.

9. Counsel are to call the Court for a hearing date and briefing schedule prior to posting and filing the motion.

10. <u>Telephonic Conferences</u>. The Court handles pleading and discovery motions informally, using telephonic conferences. Parties are to post and file a five-page joint brief two days before the conference. Counsel must include in the joint report a ***toll-free call-in number*** for the Court to utilize. Since these conferences are informal, no court reporter or audio recording is permitted.

11. <u>Potential Related Cases</u>. Counsel are ordered to file a Notice of Related Case for any potentially related cases pursuant California Rule of court Rule 3.300. This is a continuing obligation on both plaintiffs and defendants while this case is pending.

IT IS SO ORDERED.

Dated: April 5, 2019

LISA HART COLE
JUDGE

_____

Judge of the Superior Court
**Lisa Hart Cole**

3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 14

**18STCV04250**                                                  April 5, 2019
**SANTOS H. GARCIA, et al. vs EVANS DELIVERY**                    10:00 AM
**COMPANY, INC., et al.**

Judge: Honorable Lisa Hart Cole              CSR: None
Judicial Assistant: R. Arraiga               ERM: None
Courtroom Assistant: T. Lewis                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): M. Anthony Jenkins

For Defendant(s): Alaina Cathrine Hawley (Telephonic)

**NATURE OF PROCEEDINGS:** Initial Status Conference;

The matter is called for hearing.

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Jennifer Tat, CSR#13773, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The Court has read and considered the Joint Report filed on 3/22/2019.

The Court signs and enters the Order Authorizing Electronic Service designating Case Anywhere as the web-based e-service provider for service in this case. Notwithstanding the Court's order requiring electronic service of all documents, original documents required to be filed with the Court must be filed directly in Department 14. A message board will be established through the e-service provider to facilitate communication between the Court and the parties. As a general rule, the parties should confer prior to placing postings on the message board directed to the Court, and to the extent practical, indicate the parties' respective positions on the subject addressed in the posting.

The Court lifts the pleading stay previously imposed to allow an amended complaint to add two additional Plaintiffs by May 17, 2019, and Defendants to file a response to the complaint within thirty days thereafter.

The PAGA claims are stayed pending the resolution of class action and individual claims.

Counsel for Plaintiff requests to file an Application for Publication as to the individual Allen Cepeda.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 14

**18STCV04250**                                                    April 5, 2019
**SANTOS H. GARCIA, et al. vs EVANS DELIVERY**                      10:00 AM
**COMPANY, INC., et al.**

Judge: Honorable Lisa Hart Cole                CSR: None
Judicial Assistant: R. Arraiga                 ERM: None
Courtroom Assistant: T. Lewis                  Deputy Sheriff: None

The Court grants the request, Counsel for Plaintiff may file a Request for Publication.

Non-Appearance Case Review Re: Filing of the Motion for Class Certification is scheduled for 04/10/2020 at 04:00 PM in Department 14 at Spring Street Courthouse.

The Moving Party is to file the motion by NOON on 4/8/2020, and is to call the Court for a hearing date and briefing schedule prior to filing.

If the motion is NOT filed by said time and date an Order to Show Cause hearing will be set.

The Court's Case Management Order is signed and filed this date.

The parties are to refer to the Court's Case Management Order for further orders of the Court.

Notice is waived.

1    **LAW OFFICES OF STEPHEN GLICK**
Stephen Glick (SBN 59404)
2    sglick@glicklegal.com
M. Anthony Jenkins (SBN 171958)
3    ajenkins@glicklegal.com
1055 Wilshire Boulevard, Suite 1480
4    Los Angeles, California 90017
Telephone: (213) 387-3400
5    Fax: (213) 387-7872
6

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 1 5 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By: Brigitte De La Rosa, Deputy

7    Attorney for Plaintiffs SANTOS H. GARCIA, RAMIRO OROZCO and MICHEL SALMO,
individually and on behalf of all others similarly situated, all current, former and future aggrieved
8    employees, and the general public of California, and Plaintiffs WILVER ANTONIO VASQUEZ
QUINTANILLA and EDGAR VELIZ BAEZA, individually and on behalf of all others similarly
9    situated and the general public of California

10

11                    SUPERIOR COURT OF CALIFORNIA

12                     COUNTY OF LOS ANGELES

13

| | |
|---|---|
| 14  SANTOS H. GARCIA, individually and on behalf of all others similarly situated, all current, former and future aggrieved employees, and the general public of California; RAMIRO OROZCO, individually and on behalf of all others similarly situated, all current, former and future aggrieved employees, and the general public of California; MICHEL SALMO, individually and on behalf of all others similarly situated, all current, former and future aggrieved employees, and the general public of California; WILVER ANTONIO VASQUEZ QUINTANILLA and EDGAR VELIZ BAEZA, each individually and on behalf of all others similarly situated and the general public of California,<br><br>                    Plaintiffs,<br><br>    *vs.*<br><br>EVANS DELIVERY COMPANY, INC., a corporation; ALLEN CEPEDA; DOES 1 through 100, inclusive, | Case No. 18STCV04250<br><br>CLASS ACTION<br><br>Dept. 14<br>Spring Street Courthouse<br>Judge: Honorable Kenneth R. Freeman<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1.   **FAILURE TO PAY PIECE RATE EMPLOYEES SEPARATE COMPENSATION FOR REST PERIODS [LAB. CODE §§ 226.2, 1194;** *JACKPOT HARVESTING CO., INC. V. SUPERIOR COURT* **(2018) 26 CAL.APP.5TH 125, 146;** *BLUFORD V. SAFEWAY STORES, INC.* **(2013) 216 CAL.APP.4TH 864, 871]**<br><br>2.   **FAILURE TO PAY FAILURE TO PAY PIECE RATE EMPLOYEES SEPARATE COMPENSATION FOR NONPRODUCTIVE TIME [LAB.** |

1

**FIRST AMENDED COMPLAINT**

| | |
|---|---|
| 1 | Defendants. |
| 2 | |
| 3 | |
| 4 | |

CODE §§ 226.2, 1194; *JACKPOT HARVESTING CO., INC. V. SUPERIOR COURT* (2018) 26 CAL.APP.5TH 125, 146; *GONZALEZ V. DOWNTOWN LA MOTORS, LP* (2013) 215 CAL.APP.4TH 36, 50]

3. **FAILURE TO REIMBURSE ALL NECESSARY EXPENDITURES [LAB. CODE §§ 2802, 2804; *GATUSSO V. HARTE-HANKS SHOPPERS, INC.* (2007) 42 CAL.4TH 554]**

4. **FAILURE TO PROVIDE REQUIRED MEAL PERIODS [LAB. CODE §§ 226.7, 512; WAGE ORDER 9 § 11]**

5. **FAILURE TO PROVIDE REQUIRED REST PERIODS [LAB. CODE §§ 226.7; WAGE ORDER 9 § 12]**

6. **UNLAWFUL DEDUCTIONS AND FAILURE TO PAY WAGES [LAB. CODE §§ 221, 204]**

7. **FAILURE TO PAY ALL EARNED WAGES UPON SEPARATION FROM EMPLOYMENT [LAB. CODE § 203]**

8. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS [LAB. CODE §§ 226, 226.2]**

9. **UNFAIR BUSINESS PRACTICES [BUS. & PROF. CODE § 17200 *ET SEQ.*]**

10. **CIVIL PENALTIES UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (PAGA) [LAB. CODE §§ 2699, 512, 558, 1197, 1197.1; *ARIAS V. SUP. CT. (ANGELO DAIRY)* (2009) 46 CAL.4TH 969]**

11. **CIVIL PENALTIES UNDER PAGA [LAB. CODE §§ 2699, 226, 226.2, 226.3,**

2

**FIRST AMENDED COMPLAINT**

**1198, 2802, 226.7, 204, 210, 203; WAGE ORDER 9 §§ 11, 12; MIN. WAGE ORDERS; *ARIAS*, 46 CAL.4TH 969]**

**NOTICE TO DEFENDANTS OF DUTIES TO RETAIN EVIDENCE**

1.      TO ALL DEFENDANTS: Note and adhere to your duties to retain, and not delete or destroy, all documents, emails, databases, electronic records, electronically stored information, and all other evidence that may be pertinent to this lawsuit, and to cease any destruction or deletion of such evidence that might otherwise take place in the ordinary course of your business or affairs.

Plaintiffs allege:

## <u>INTRODUCTION AND GENERAL ALLEGATIONS</u>

2.      At all times relevant to this complaint, Defendants EVANS DELIVERY COMPANY, INC. and DOES 1 through 100 ("DEFENDANTS") employed Plaintiffs SANTOS H. GARCIA, RAMIRO OROZCO, MICHEL SALMO, WILVER ANTONIO VASQUEZ QUINTANILLA and EDGAR VELIZ BAEZA ("PLAINTIFFS") and other similarly situated persons ("CLASS") as employee truck drivers compensated on a piece-rate basis, *i.e.*, paid an amount of money transport a load from one point to another only, which did not include reimbursing them for the costs they incurred in the discharge of their duties. At all times relevant, DEFENDANTS failed to separately compensate PLAINTIFFS and the rest of the CLASS for rest periods and nonproductive time separate from their piece rate compensation; failed to reimburse PLAINTIFFS and the rest of the CLASS for business expenses including, but not limited to, mileage, fuel and other costs associated with the trucks they used in the discharge of their duties; failed to provide PLAINTIFFS and the rest of the CLASS with required meal and rest periods, and failed to pay them an additional hour of wages for each meal and rest period that was not provided; failed to pay PLAINTIFFS and the rest of the CLASS at least the minimum wage for all hours they were employed; made deductions from PLAINTIFFS and each of the rest of the CLASS member's remuneration that were unlawful under Labor Code sections 221 and 224;[1] failed to pay PLAINTIFFS and the rest of the CLASS who have separated from their employment with

---

[1] "Section" references are to the Labor Code unless otherwise indicated.

**FIRST AMENDED COMPLAINT**

1    DEFENDANTS, all wages they had earned; and, willfully failed to provide PLAINTIFFS and the

2    rest of the CLASS with accurate itemized wage statements required by section 226 by failing to

3    indicate, among other things, total hours worked and all applicable hourly rates in effect during the

4    pay period and the corresponding number of hours worked at each hourly rate, and by failing to

5    include the information required by sections 226(a) and 226.2(a)(2).

6        3.      This action is brought by PLAINTIFFS individually and as a class action against all

7    Defendants for violations of various wage and hour provisions of the Labor Code, Industrial

8    Welfare Commission Order No. 9-2001, 8 C.C.R. § 11090 ("WAGE ORDER 9"), Minimum Wage

9    Orders and case law, that Defendants committed against PLAINTIFFS and the rest of the CLASS.

10   At all times relevant to this complaint, the Defendants were subject to the Labor Code and the

11   hours and working conditions of PLAINTIFFS and the CLASS' employment with DEFENDANTS

12   were governed and regulated by the Labor Code and WAGE ORDER 9.

13       4.      This action is also brought by Plaintiffs SANTOS H. GARCIA, RAMIRO OROZCO

14   and MICHEL SALMO ("PAGA PLAINTIFFS") individually and as a private enforcement action

15   representative suit under the California Labor Code Private Attorneys General Act of 2004 (Labor

16   Code § 2698 *et seq.*) ("PAGA") on behalf of PLAINTIFFS and each current, former and future

17   aggrieved employee of Defendant EVANS DELIVERY COMPANY, INC. ("EMPLOYER PAGA-

18   DEFENDANT") in the State of California ("AGGRIEVED EMPLOYEES," inclusive of PAGA

19   PLAINTIFFS), for the recovery of civil penalties, in addition to an amount sufficient to recover

20   underpaid wages, on behalf of PLAINTIFFS and other AGGRIEVED EMPLOYEES, from the

21   EMPLOYER PAGA-DEFENDANT.

22       5.      Defendant ALLEN CEPEDA ("INDIVIDUAL PAGA-DEFENDANT") is also

23   named as an individual Defendant in the Tenth Cause of Action under PAGA. The INDIVIDUAL

24   PAGA-DEFENDANT is jointly liable for civil penalties sought in this cause of action under

25   PAGA pursuant to the civil penalty and individual liability provisions of the Labor Code § 558,

26   which makes clear that an individual can be subject to civil penalties under PAGA if he or she is a

27   "person acting on behalf of an employer who violates, or causes to be violated" Labor Code section

28   510, 512, 558 or any provision of the applicable wage order governing hours and working

**FIRST AMENDED COMPLAINT**

1  conditions: "Any employer or other person acting on behalf of an employer who violates, or causes

2  to be violated, a section of ... [C]hapter [One] or any provision regulating hours and days of work

3  in any order of the Industrial Welfare Commission...."

4       6.    As the California Supreme Court stated in *Reynolds v. Bemet* (2005) 36 Cal.4th 1075,

5  abrogated in part on other grounds by *Martinez v. Combs* (2010) 49 Cal.4th 35, 62, 66, "pursuant

6  to section 558, subdivision (a), any 'person acting on behalf of an employer who violates, or causes

7  to be violated' a statute or wage order relating to working hours is subject to a civil penalty,

8  payable to the affected employee, equal to the amount of any underpaid wages. .... [T]he

9  Legislature has provided that aggrieved employees may under certain circumstances maintain civil

10 actions to recover such penalties. (§ 2699, subd. (a).)" (*Reynolds*, 36 Cal.4th at p. 1089 [footnote

11 omitted]; *Atempa v. Pedrazzani* (2018) 27 Cal.App.5th 809 [238 Cal.Rptr.3d 465, 477]; *Ontiveros*

12 *v. Zamora* (E.D.Cal. Feb. 20, 2009) 2009 WL 425962 at p. *6 ["As the *Reynolds* court

13 acknowledged, the text of … [Labor Code § 558(a)] expands liability to include agents of the

14 employer." [Citing *Reynolds*]; *and see Landmark Screens, LLC v. Morgan, Lewis & Bockius*

15 (2010) 183 Cal.App.4th 238, 251, fn. 6 [courts may cite unpublished federal cases as persuasive,

16 although not binding, authority].)

17      7.    At all times relevant, the INDIVIDUAL PAGA-DEFENDANT was a person acting

18 on behalf of EMPLOYER PAGA-DEFENDANT who caused said Defendant to violate Labor

19 Code sections 510 and/or 512, and/or subparts 3, 11 and/or 12 of WAGE ORDER 9 because,

20 among other things, each of the INDIVIDUAL PAGA-DEFENDANT was one of the individuals

21 acting on behalf of EMPLOYER PAGA-DEFENDANT who made the decisions regarding said

22 Defendant's failure to provide meal and rest periods required by California law.

23      8.    Section 2699(a) specifically provides for a private right of action to recover penalties

24 for violations of the Labor Code. Each of the PLAINTIFFS have standing as an aggrieved

25 employee as that term is defined in section 2699(a) because each of the PLAINTIFFS is a person

26 who was employed by EMPLOYER PAGA-DEFENDANT against whom the violations alleged

27 herein were committed. There is a 1 year statute of limitation for PAGA civil penalties and a 3 year

28 statute of limitations for wages sought to be recovered under PAGA under section 200.5 because a

5

**FIRST AMENDED COMPLAINT**

1    plaintiff suing under PAGA does so as the proxy or agent of the state's labor law enforcement

2    agencies. The Labor Code and WAGE ORDER 9 violations alleged herein have been and continue

3    to be violations committed by each of the Defendants on an entity-wide and ongoing basis.

4         9.    PLAINTIFFS have exhausted their administrative remedy pursuant to section 2699.3

5    by having given written notice before commencing this action pursuant to section 2699, by online

6    filing with the Labor and Workforce Development Agency (accompanied with the required filing

7    fees) and by certified mail to Defendants on August 28, 2018, of the specific provisions of the

8    Labor Code alleged to have been violated, including the facts and theories to support the alleged

9    violation, and then having waited 65 calendar days from the postmark date of said notice and, after

10   not having received any notice from the Labor and Workforce Development Agency pursuant to

11   section 2699.3, and no written notice from the employer pursuant to Lab. Code § 2699.3(c)(2)(a)

12   (for the violations to which that section applies) was received within 33 calendar days (or anytime

13   thereafter) that the violations were cured.. The periods specified in section 2699.3 "are not counted

14   as part of the time limited for the commencement of the civil action to recover penalties under …

15   [PAGA]." (Lab. Code § 2699.3(d).)

16        10.    The Labor Code and WAGE ORDER 9 violations alleged herein have been and

17   continue to be violations committed by each of the Defendants on an entity-wide and ongoing

18   basis against PLAINTIFFS, and the rest of the CLASS and AGGRIEVED EMPLOYEES. In

19   addition to the concerted and joint activities alleged herein, PLAINTIFFS are informed and

20   believe, and based thereon allege, that each of the Defendants engaged in the same practices and

21   have adopted the same policies with regard to their wrongful acts against PLAINTIFFS and the

22   rest of the CLASS as alleged herein. Since four years prior to the commencement of this action,

23   PLAINTIFFS and the rest of the CLASS would be entitled to restitution and/or back pay pursuant

24   to Business and Professions Code § 17200, *Cortez vs. Purolator Air Filtration Products Co.*

25   (2000) 23 Cal.4th  163, 178, and *Gatusso vs. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554.

26   PLAINTIFFS have separated from their employment by DEFENDANTS.

27                      **VENUE AND JURISDICTION**

28        11.    Venue is proper in this judicial district pursuant to California Code of Civil

**FIRST AMENDED COMPLAINT**

1  Procedure §§ 395(a) and 395.5 the work performed by PLAINTIFFS for DEFENDANT was often

2  performed in the City of Commerce in Los Angeles County.

3       12.    At all times relevant, Defendant EVANS DELIVERY COMPANY, INC. has had

4  substantial, ongoing contacts with California, and has been doing business as a motor carrier

5  within California, such that the State has a sufficient relationship with Defendant and the present

6  litigation to make it reasonable to require Defendant to defend the action in California courts.

7  Defendant operates in California from a location at or near 3200 Guasti Rd, Ontario, California,

8  and uses a business address of 11139 Essex Ave, Montclair, California. This lawsuit only relates to

9  Defendant EVANS DELIVERY COMPANY, INC.'s activities in California as an employer, and it

10  is the public policy of the State that employment actions relating to California employees be

11  litigated in this State.

12       13.    The monetary damages sought by PLAINTIFFS exceed $25,000, as set forth in the

13  prayer for relief, and will be established according to proof at trial.

14      **<ins>IDENTIFICATION OF THE PARTIES</ins>**

15       14.    Defendant EVANS DELIVERY COMPANY, INC. is a Pennsylvania corporation;

16  Defendant ALLEN CEPEDA is a resident of California.

17       15.    PLAINTIFFS are ignorant of the true names or capacities of the Defendants sued

18  herein under the fictitious names DOE 1 through 100, inclusive; and they are therefore sued

19  pursuant to California Code of Civil Procedure § 474.  When their true names and capacities are

20  ascertained, PLAINTIFFS will amend this complaint by inserting their true names and capacities

21  herein.  PLAINTIFFS are informed and believe, and based thereon alleges, that Defendant DOE 1

22  through 100, inclusive, hereinafter collectively referred to as "DOES," acted wrongfully,

23  maliciously, intentionally and negligently; that each is responsible in some manner for the events

24  and happenings complained of herein; and that injuries of PLAINTIFFS, as alleged herein, were

25  proximately caused by DOES, either through said Defendant's own conduct or through the conduct

26  of their agents and/or employees.

27       16.    PLAINTIFFS are informed and believe, and based thereon alleges, that at all relevant

28  times, each of the DEFENDANTS was the merging entity, merged entity, subsidiary, acquiring

7

**FIRST AMENDED COMPLAINT**

1  corporation, agent and/or employee of one or more of each of the remaining DEFENDANTS and,

2  in doing the things hereinafter alleged, was acting within the course and scope of such agency

3  and/or employment with the knowledge, advice, permission and consent of each other, and/or alter

4  ego or brother/sister corporation thereby liable as alleged herein under, but not limited to, the

5  doctrines of alter ego, single-enterprise and/or common-enterprise liability, or as part of a

6  conspiracy.

7  <div align="center">**CLASS ALLEGATIONS**</div>

8       17.    Each of the PLAINTIFFS is a member of each of the classes he seeks to represent,

9  which are defined as follows:

10      **CLASS 1:**

11      Each individual who performed any services as a truck driver for

12      EVANS DELIVERY COMPANY, INC. in California at any time since

13      4 years prior to commencement of this action.

14      **CLASS 2:**

15      Each individual who performed any services as a truck driver for

16      EVANS DELIVERY COMPANY, INC. in California at any time since

17      4 years prior to commencement of this action, for which EVANS

18      DELIVERY COMPANY, INC.'S policy did/does not authorize or

19      permit separately paid rest periods.

20      **CLASS 3:**

21      Each individual who performed any services as a truck driver for

22      EVANS DELIVERY COMPANY, INC. in California at any time since

23      3 years prior to commencement of this action, who no longer performs

24      any services for EVANS DELIVERY COMPANY, INC.

25      **CLASS 4:**

26      Each individual who performed any services as a truck driver for

27      EVANS DELIVERY COMPANY, INC. in California at any time since

28      3 years prior to commencement of this action, for which EVANS

<div align="center">8</div>

<div align="center">**FIRST AMENDED COMPLAINT**</div>

1    DELIVERY COMPANY, INC.'S policy did/does not authorize or

2    permit separately paid rest periods, who no longer performs any

3    services for EVANS DELIVERY COMPANY, INC.

4    **CLASS 5:**

5    Each individual who performed any services as a truck driver for

6    EVANS DELIVERY COMPANY, INC. in California at any time since

7    1 year prior to commencement of this action.

8    18.    There is a well-defined community of interest in the questions of law and fact

9 affecting each CLASS and common questions of law and fact predominate over any questions of

10 law or fact that may affect only individual CLASS members. Each CLASS is ascertainable and

11 sufficiently numerous such that joinder would be impracticable. PLAINTIFFS are competent and

12 capable of fairly and adequately representing the interests of the CLASS and PLAINTIFFS' claims

13 are typical of each CLASS. Maintaining this lawsuit as a CLASS action is a superior method for

14 adjudication of the controversies involved. PLAINTIFFS have incurred, and during the pendency

15 of this action will continue to incur, expenses for attorney fees and costs herein. Such attorney's

16 fees and costs are necessary for the prosecution of this action and will result in a benefit to each of

17 the members of the CLASS.

18    **FIRST CAUSE OF ACTION**

19    **FAILURE TO PAY PIECE RATE EMPLOYEES SEPARATE COMPENSATION FOR**

20    **REST PERIODS**

21    **[LAB. CODE §§ 226.2, 1194; *JACKPOT HARVESTING CO., INC. V. SUPERIOR***

22    ***COURT* (2018) 26 CAL.APP.5TH 125, 146; *BLUFORD V. SAFEWAY STORES, INC.* (2013)**

23    **216 CAL.APP.4TH 864, 871]**

24    **Brought by PLAINTIFFS individually and as a CLASS Action against all Defendants**

25    19.    PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as

26 though fully alleged here.

27    20.    "Section 226.2, subdivision (a)—codifying the decisions in *Gonzalez* and *Bluford*—

28 mandates that piece-rate employees receive compensation for all rest/NP time that is 'separate from

9

**FIRST AMENDED COMPLAINT**

piece-rate compensation.' (§ 226.2, subd. (a)(1).) Such employees are assured under an alternative formula in subdivision (a) that their compensation for rest and recovery time will be no less than minimum wage; in some instances the compensation may be greater than minimum wage. (§ 226.2, subd. (a)(3)(A), (B).)" *Jackpot Harvesting Co., Inc. v. Superior Court* (2018) 26 Cal.App.5th 125, 146, review filed (Sept. 18, 2018); *Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864, 871.)

21.    Section 1194(a) permits an aggrieved employee to bring a private right of action to recover unpaid minimum wages plus interest, attorney's fees and costs, and section 218 permits an aggrieved employee to bring a private action to recover unpaid wages.

22.    At all times relevant to this complaint, DEFENDANTS failed to pay PLAINTIFFS and the rest of the CLASS separate compensation for rest periods, for which PLAINTIFFS seeks and is entitled to recover all unpaid compensation owed PLAINTIFFS and the rest of the CLASS under sections 226.2 and 1194, plus liquidated damages under section 1194.2, prejudgment interest under sections 218.6 and 1194, and an award of attorney's fees and costs under sections 218.5 and 1194.

23.    Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code currently 10 percent per annum, which shall accrue from the date that the wages were due and payable[.]"

## SECOND CAUSE OF ACTION

**FAILURE TO PAY FAILURE TO PAY PIECE RATE EMPLOYEES SEPARATE COMPENSATION FOR NONPRODUCTIVE TIME**

**[LAB. CODE §§ 226.2, 1194; *JACKPOT HARVESTING CO., INC. V. SUPERIOR COURT* (2018) 26 CAL.APP.5TH 125, 146; *GONZALEZ V. DOWNTOWN LA MOTORS, LP* (2013) 215 CAL.APP.4TH 36, 50]**

**Brought by PLAINTIFFS individually and as a CLASS Action against all Defendants**

24.    PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as though fully alleged here.

10

**FIRST AMENDED COMPLAINT**

25.   "[A]n employer must compensate its piece-rate employees for nonproductive time at no less than the applicable minimum wage. (§ 226.2, subd. (a)(4).)" *Jackpot Harvesting Co., Inc. v. Superior Court* (2018) 26 Cal.App.5th 125, 146, review filed (Sept. 18, 2018); *Gonzalez v. Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36, 50.) Section 1194(a) permits an aggrieved employee to bring a private right of action to recover unpaid minimum wages plus interest, attorney's fees and costs, and section 218 permits an aggrieved employee to bring a private action to recover unpaid wages.

26.   At all times relevent, PLAINTIFF and the rest of the Class performed services for DEFENDANTS that included nonproductive time, including, but not limited to, conducting vehicle inspections, waiting to be dispatched, waiting time between loads, waiting time to pick up a load, loading and unloading time, travel time from the final delivery or drop-off location, truck washes, fueling, etc.

27.   At all times relevant to this complaint, DEFENDANTS failed to pay PLAINTIFFS and the rest of the Class at least the minimum wage for all nonproductive time they worked, for which PLAINTIFFS seek and are entitled to recover on behalf of PLAINTIFFS and the rest of the Class, all unpaid compensation owed under sections 226.2 and 1194, plus liquidated damages under section 1194.2, prejudgment interest under sections 218.6 and 1194, and an award of attorney's fees and costs under sections 218.5 and 1194.

28.   Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code currently 10 percent per annum, which shall accrue from the date that the wages were due and payable[.]"

<div align="center">

**THIRD CAUSE OF ACTION**

**FAILURE TO REIMBURSE ALL NECESSARY EXPENDITURES**

**[LAB. CODE §§ 2802, 2804; *GATUSSO V. HARTE-HANKS SHOPPERS, INC.* (2007) 42 CAL.4TH 554]**

**Brought by PLAINTIFFS individually and as a CLASS Action against all Defendants**

</div>

29.   PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as

<div align="center">

11

**FIRST AMENDED COMPLAINT**

</div>

1   though fully alleged here.

2        30.    At all times relevant to this complaint, during PLAINTIFFS and the rest of the

3   CLASS employment by DEFENDANTS as employee truck drivers, they were not reimbursed by

4   DEFENDANTS for business expenses including, but not limited to, mileage, fuel and other costs

5   associated with the trucks they used in the discharge of their duties as employees of

6   DEFENDANTS.

7        31.    At all times herein mentioned, DEFENDANTS were subject to Labor Code § 2802

8   which states that "an employer shall indemnify his or her employees for all necessary expenditures

9   or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of

10   his or her obedience to the directions of the employer."

11        32.    At all times herein mentioned, DEFENDANTS were subject to Labor Code § 2804

12   which states that "any contract or agreement, express or implied, made by any employee to waive

13   the benefits of this article or any part thereof, is null and void, and this article shall not deprive any

14   employee or his personal representative of any right or remedy to which he is entitled under the

15   laws of this State."

16        33.    The aforementioned conduct of Defendants, and each of them, constitutes repeated

17   violations of Labor Code §§ 2802 and 2804, for which PLAINTIFFS and the rest of the CLASS are

18   entitled to reimbursement for expenses plus an award of pre-judgment interest, attorney's fees, and

19   costs pursuant to Labor Code § 2802.

20                **FOURTH CAUSE OF ACTION**

21        **FAILURE TO PROVIDE REQUIRED MEAL PERIODS**

22        **[LAB. CODE §§ 226.7, 512; WAGE ORDER 9 § 11]**

23   **Brought by PLAINTIFFS individually and as a CLASS Action against all Defendants**

24        34.    PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as

25   though fully alleged here.

26        35.    At all times relevant, PLAINTIFFS and the rest of the CLASS worked more than five

27   hours and/or 10 hours during their workday during their employment with DEFENDANTS, for

28   which DEFENDANT did not provide them with an uninterrupted, off-duty 30 minute meal period

<div align="center">12</div>

<div align="center">**FIRST AMENDED COMPLAINT**</div>

before they began their sixth and/or eleventh hour of work, and were not paid an additional hour of

wages for each meal period that was not provided. The meal periods were not waived by mutual

consent of the DEFENDANTS and PLAINTIFFS and the rest of the CLASS.

36.     DEFENDANTS required PLAINTIFFS to keep the truck within PLAINTIFFS' sight

at all times when the truck was under dispatch because the DEFENDANTS were responsible for the

valuable trailer and the cargo.

37.     Subpart 11 of WAGE ORDER 9 states in pertinent part as follows:

> (A) No employer shall employ any person for a work period of more
> than five (5) hours without a meal period of not less than 30 minutes,
> except that when a work period of not more than six (6) hours will
> complete the day's work the meal period may be waived by mutual
> consent of the employer and the employee.

> (B) An employer may not employ an employee for a work period of
> more than ten (10) hours per day without providing the employee with
> a second meal period of not less than 30 minutes, except that if the
> total hours worked is no more than 12 hours, the second meal period
> may be waived by mutual consent of the employer and the employee
> only if the first meal period was not waived.

> (C) Unless the employee is relieved of all duty during a 30 minute
> meal period, the meal period shall be considered an "on duty" meal
> period and counted as time worked. An "on duty" meal period shall be
> permitted only when the nature of the work prevents an employee from
> being relieved of all duty and when by written agreement between the
> parties an on-the-job paid meal period is agreed to. The written
> agreement shall state that the employee may, in writing, revoke the
> agreement at any time.

> (D) If an employer fails to provide an employee a meal period in
> accordance with the applicable provisions of this order, the employer

13

**FIRST AMENDED COMPLAINT**

1  shall pay the employee one (1) hour of pay at the employee's regular

2  rate of compensation for each workday that the meal period is not

3  provided.

4  38.  In *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1034, the

5  California Supreme Court held that an employer is obligated to relieve its employee of all duty for

6  an uninterrupted 30-minute period.

7  39.  Effective January 1, 2001, Labor Code § 226.7 prohibits DEFENDANTS from requiring

8  any employee to work during any meal period mandated by an applicable order of the Industrial

9  Welfare Commission. If an employer fails to provide an employee a meal period in accordance with

10  an applicable order of the IWC the employer shall pay the employee one additional hour of pay at

11  the employee's regular rate of pay for each work day that the meal period is not provided.

12  40.  Labor Code § 512 also prohibits DEFENDANTS from employing PLAINTIFFS and the

13  rest of the CLASS for a work period of more than five hours per day without providing

14  PLAINTIFFS with a meal period of not less than 30 minutes.

15  41.  The aforementioned conduct of Defendants constitutes repeated violations of sections

16  226.7 and 512, for which PLAINTIFFS seek and are entitled to recover the premium wages owed

17  PLAINTIFF and the rest of the CLASS for each day a required meal period was not provided, plus

18  interest, pursuant to sections 226.7 and 218.6.

19  42.  Pursuant to section 218.6, in any action brought for the nonpayment of wages, the

20  Court shall award interest on all due and unpaid wages at the rate of interest specified in

21  subdivision (b) of section 3289 of the Civil Code currently 10 percent per annum], which shall

22  accrue from the date that the wages were due and payable[.]"

23  <u>**FIFTH CAUSE OF ACTION**</u>

24  **FAILURE TO PROVIDE REQUIRED REST PERIODS**

25  **[LAB. CODE § 226.7; WAGE ORDER 9 § 12]**

26  **Brought by PLAINTIFFS individually and as a CLASS Action against all Defendants**

27  43.  PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as

28  though fully alleged here.

**FIRST AMENDED COMPLAINT**

44.    At all times relevant, PLAINTIFFS and the rest of the CLASS worked more than four hours during their workday during their employment with DEFENDANTS, for which DEFENDANT did not provide them with 10 minutes of uninterrupted, off-duty rest period time for each fours hours (or major portion thereof) worked, and were not paid an additional hour of wages for each rest period that was not provided.

45.    Subsection 12 of WAGE ORDER 9 states in pertinent part as follows:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

46.    An employee must be relieved off all duties during a rest period. (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 269, as modified on denial of reh'g (Mar. 15, 2017) ["We accordingly conclude that the construction of Wage Order 4, subdivision 12(A) that best effectuates the order's purpose and remains true to its provisions is one that obligates employers to permit—and authorizes employees to take—off-duty rest periods. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. (See *Brinker*, *supra*, 53 Cal.4th at pp. 1038–1039, 139 Cal.Rptr.3d 315, 273 P.3d 513.)"].)

15

**FIRST AMENDED COMPLAINT**

47. Effective January 1, 2001, Labor Code § 226.7 prohibits DEFENDANTS from requiring any employee to work during any rest period mandated by an applicable order of the Industrial Welfare Commission. If an employer fails to provide an employee a rest period in accordance with an applicable order of the IWC the employer shall pay the employee one additional hour of pay at the employee's regular rate of pay for each work day that the rest period is not provided.

48. The aforementioned conduct of Defendants constitutes repeated violations of section 226.7, for which PLAINTIFFS seek and are entitled to recover the premium wages owed PLAINTIFF and the rest of the CLASS for each day a required rest period was not provided, plus interest, pursuant to sections 226.7 and 218.6.

49. Pursuant to section 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of section 3289 of the Civil Code currently 10 percent per annum], which shall accrue from the date that the wages were due and payable[.]"

## SIXTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS AND FAILURE TO PAY WAGES

### [LAB. CODE §§ 221, 204]

**Brought by PLAINTIFFS individually and as a CLASS Action against all Defendants**

50. PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as though fully alleged here.

51. At all time relevant, DEFENDANTS made deductions from PLAINTIFFS and each of the CLASS member's remuneration which were unlawful under Labor Code sections 221 and 224, which include the deductions listed on the "SETTLEMENT DETAILS" they were provided with their remuneration, which constitute repeated and ongoing violations of sections 221 and 204 by DEFENDANTS.

52. "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." (Lab. Code, § 221.)

53. Section 224 states in pertinent part as follows:

16

**FIRST AMENDED COMPLAINT**

1    The provisions of Sections 221, 222 and 223 shall in no way make it

2    unlawful for an employer to withhold or divert any portion of an

3    employee's wages when the employer is required or empowered so to

4    do by state or federal law or when a deduction is expressly authorized

5    in writing by the employee to cover insurance premiums, hospital or

6    medical dues, or other deductions not amounting to a rebate or

7    deduction from the standard wage arrived at by collective bargaining or

8    pursuant to wage agreement or statute, or when a deduction to cover

9    health and welfare or pension plan contributions is expressly

10    authorized by a collective bargaining or wage agreement.

11 (Lab. Code, § 224.)

12    54.    "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2,

13 earned by any person in any employment are due and payable twice during each calendar month,

14 on days designated in advance by the employer as the regular paydays." (Lab. Code, § 204(a).)

15    55.    Based on DEFENDANTS aforementioned conduct, PLAINTIFFS and the rest of the

16 CLASS have suffered damages, injury and loss, for which PLAINTIFFS seek and are entitled to

17 recover all unpaid wages owed to PLAINTIFFS and the rest of the CLASS, plus interest and an

18 award of attorney fees and costs from DEFENDANTS pursuant to sections 221, 204, 218.5 and

19 218.6.

20    56.    Pursuant to section 218.6, in any action brought for the nonpayment of wages, the

21 Court shall award interest on all due and unpaid wages at the rate of interest specified in

22 subdivision (b) of section 3289 of the Civil Code currently 10 percent per annum], which shall

23 accrue from the date that the wages were due and payable[.]"

24    **SEVENTH CAUSE OF ACTION**

25    **FAILURE TO PAY ALL EARNED WAGES UPON SEPARATION**

26    **[LAB. CODE § 203]**

27    **Brought by PLAINTIFFS individually and as a CLASS Action against all Defendants**

28    57.    PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as

17

**FIRST AMENDED COMPLAINT**

1    though fully alleged here.

2       58.     Sections 201 and 202 require that an employer pay all wages due to an employee

3    after said employee is discharged or quits.

4       59.     Section 203 states in pertinent part as follows:

5           (a) If an employer willfully fails to pay, without abatement or

6           reduction, in accordance with Sections 201, … [or] 202, … , any

7           wages of an employee who is discharged or who quits, the wages of the

8           employee shall continue as a penalty from the due date thereof at the

9           same rate until paid or until an action therefor is commenced; but the

10          wages shall not continue for more than 30 days. ….

11          (b) Suit may be filed for these penalties at any time before the

12          expiration of the statute of limitations on an action for the wages from

13          which the penalties arise.

14      60.     The settled meaning of "willful," as used in Labor Code § 203, is that an employer

15   has intentionally failed or refused to perform an act which was required to be done. (*Barnhill v.*

16   *Robert Saunders & Co.* (1981) 125 Cal.App.3d 1, 7–8; *Amaral v. Cintas Corp. No. 2* (2008) 163

17   Cal.App.4th 1157, 1201.) "[T]he employer's refusal to pay need not be based on a deliberate evil

18   purpose to defraud workmen of wages which the employer knows to be due." (*Barnhill*, *supra*, *125*

19   Cal.App.3d at p. 7; *Amaral*, *supra*, 163 Cal.App.4th at p. 1201.) "[A]n employee's rate of pay must

20   be calculated as a daily figure, which can then be multiplied by the number of days of

21   nonpayment." (*Mamika v. Barca* (1998) 68 Cal.App.4th 487, 494.) The daily rate is the employee's

22   hourly rate multiplied by eight hours of work. (*See Ming-Hsiang Kao v. Joy Holiday* (2017) 2017

23   WL 2590653, at p. *8 ["… daily rate of pay is his hourly rate of $28.85 multiplied by eight hours

24   of work …."].)

25      61.     At all times relevant, DEFENDANTS willfully failed, and the continue to fail, to pay

26   PLAINTIFFS and the rest of the CLASS all of the unpaid wages they are oved for rest periods,

27   nonproductive time, meal an d rest periods that were not provided and unlawful deductions from

28   their wages, for which PLAINTIFFS seek and are entitled to recover from Defendants on behalf of

18

**FIRST AMENDED COMPLAINT**

1    themselves and the rest of the CLASS waiting time penalties pursuant to section 203 equal to 30

2    days of each of the PLAINTIFFS and the rest of the CLASS member's daily rate.

3    **EIGHTH CAUSE OF ACTION**

4    **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

5    **[LAB. CODE §§ 218.6, 226, 226.2(a)(2), 226.3, 558.1; WAGE ORDER 9 § 7]**

6    **Brought by PLAINTIFFS individually and as a CLASS Action against all Defendants**

7        62.    PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as

8    though fully alleged here.

9        63.    Section 226(a) requires DEFENDANTS, at the time of each payment of wages, to

10   furnish each employee an accurate, itemized statement, in writing, showing gross wages earned,

11   total hours worked by the employee any applicable order of the IWC, all deductions, net wages

12   earned, the inclusive dates of the period for which the employee is paid, and all applicable hourly

13   rates in effect during the pay period and the corresponding number of hours worked at each hourly

14   rate by the employee. DEFENDANTS are required to keep a copy of the statement or a record of

15   the deductions shall be kept on file for at least three years at the place of employment or at a central

16   location within the State of California.

17       64.  Labor Code § 226.2(a)(2) states in pertinent part as follows:

18          (a) For employees compensated on a piece-rate basis during a pay

19          period, the following shall apply for that pay period:

20          ….

21          (2) The itemized statement required by subdivision (a) of Section 226

22          shall, in addition to the other items specified in that subdivision,

23          separately state the following, to which the provisions of Section 226

24          shall also be applicable:

25          (A) The total hours of compensable rest and recovery periods, the rate

26          of compensation, and the gross wages paid for those periods during the

27          pay period.

28

19

**FIRST AMENDED COMPLAINT**

1    (B)   Except   for   employers   paying   compensation   for   other

2    nonproductive time in accordance with paragraph (7), the total hours of

3    other nonproductive time, as determined under paragraph (5), the rate

4    of compensation, and the gross wages paid for that time during the pay

5    period.

6    65.   DEFENDANTS willfully, knowingly and intentionally failed to provide PLAINTIFFS

7    and the rest of the CLASS with accurate wage statements with the information required by sections

8    226(a) and 226.2(a)(2).

9    66.   Section 226(e) states that "An employee suffering injury as a result of a knowing and

10   intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of

11   all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and

12   one hundred dollars ($100) per employee for each violation in a subsequent pay period, not

13   exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of

14   costs and reasonable attorney's fees."

15   67.   As a result of DEFENDANTS' aforementioned conduct, PLAINTIFFS and the rest of

16   the CLASS suffered injury and are presumed to have suffered under Labor Code § 226(e)(2)(B)

17   because DEFENDANTS failed to provide accurate and complete information as required by any one

18   or more of items (1) to (9), inclusive, of subdivision (a) of Labor Code § 226 and the employee

19   cannot promptly and easily determine from the wage statement alone one or more of the following:

20   (i) The amount of the gross wages or net wages paid to the employee

21   during the pay period or any of the other information required to be

22   provided on the itemized wage statement pursuant to items (2) to (4),

23   inclusive, (6), and (9) of subdivision (a).

24   (ii) Which deductions the employer made from gross wages to

25   determine the net wages paid to the employee during the pay period.

26   Nothing in this subdivision alters the ability of the employer to

27   aggregate deductions consistent with the requirements of item (4) of

28   subdivision (a).

20

**FIRST AMENDED COMPLAINT**

1    (iii) The name and address of the employer.

2    68.   When construing "willful" in the context of wage and hour Labor Code violations,

3    Courts have held that:  "[To] be at fault within the meaning of the statute, the employer's refusal to

4    pay need not be based on a deliberate evil purpose…, 'willful' merely means that the employer

5    intentionally failed or refused to perform an act which was required to be done."  (*Barnhill v.*

6    *Robert Saunders & Co.* (1981) 125 Cal.App.3d 1, 7-8 [177 Cal.Rptr. 803]; and see *Choate v. Celite*

7    *Corporation* (2013) 215 Cal.App.4th 1460, 1468).

8    69.   Based on Defendants' aforementioned conduct, PLAINTIFFS and the rest of the CLASS

9    are entitled to recover the maximum amount of penalties set forth in section 226(e), plus an award

10    of reasonable attorney's fees and costs pursuant to Labor Code § 226(e).

11    <u>**NINTH CAUSE OF ACTION**</u>

12    **UNFAIR BUSINESS PRACTICES**

13    **[BUS. AND PROF. CODE § 17200 *ET SEQ.*]**

14    **Brought by PLAINTIFFS individually and as a CLASS Action against all Defendants**

15    70.    PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as

16    though fully alleged here.

17    71.   PLAINTIFFS is suing DEFENDANTS pursuant to Business and Professions Code §

18    17200 *et seq.*

19    72.   By violating the statutes and regulations as alleged herein, DEFENDANTS' acts

20    constitute unlawful and unfair business practices under California Business and Professions Code §

21    17200 *et seq.*  At all times relevant since four years prior to the commencement of this action,

22    DEFENDANTS violated and continue to violate the law, as expressed in sections 204, 221, 224,

23    226.2, 226.7, 512, 1197, 1198, 2802; *Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864;

24    WAGE ORDER 9 §§ 11, 12, MIN. WAGE ORDERS and Business & Professions Code §§ 17200,

25    et seq., as alleged hereinabove, by failing to reimburse PLAINTIFFS and the rest of the CLASS for

26    unpaid reimbursement for all necessary expenditures or losses incurred by them, including, but not

27    limited to, expenses, in direct consequence of the discharge of their duties, or in obedience to the

28    directions of DEFENDANTS under Labor Code § 2802 et seq.; failing to compensate PLAINTIFFS

21

**FIRST AMENDED COMPLAINT**

1   and the rest of the CLASS for rest periods separate from PLAINTIFFS' piece rate compensation;

2   failing to provide PLAINTIFFS with required meal and rest periods and failing to pay premium

3   wages owed for meal and rest periods that were not provided; and failing to pay at least minimum

4   wages for all hours worked.

5   73.   DEFENDANTS' violations of the statutes and regulations as alleged herein are business

6   practices done repeatedly over a significant period of time, in California, and in a systematic manner

7   to the detriment of PLAINTIFFS and the rest of the CLASS.

8   74.   The harm to PLAINTIFFS and the rest of the CLASS outweighs any utility of

9   DEFENDANTS' policies and practices, as alleged herein, and consequently constitutes unfair

10  business acts or practices within the meaning of Business and Professions Code §§ 17200, et seq.

11  75.   As a direct and proximate result of the aforementioned acts by DEFENDANTS,

12  DEFENDANTS wrongfully retained and continue to retain funds earned by PLAINTIFFS and the

13  rest of the CLASS, according to proof at the time of trial.

14  76.   The unfair and unlawful business acts and practices described herein present a

15  continuing threat to PLAINTIFFS and the rest of the CLASS and the California general public.

16  PLAINTIFFS are informed and believe and on such basis alleges that DEFENDANTS have

17  engaged in such practices over a number of years and have failed to indicate, in any way, that they

18  plan to cease such activities any time in the future.

19  77.   At all times relevant, PLAINTIFFS and the rest of the CLASS have suffered losses and

20  requests back pay and/or restitution of all monies and profits to be disgorged from DEFENDANTS

21  in an amount according to proof at time of trial, but in excess of the Court's jurisdiction

22  requirement, generally, including all awardable amounts, is over $25,000.

23  78.   Pursuant to Business and Professions Code §§ 17200, et seq., and pursuant to the

24  equitable powers of this court, DEFENDANTS should be preliminarily and permanently enjoined

25  from their unfair and unlawful business acts and practices.

26  79.   Pursuant to Business and Professions Code section 17200, *et seq.*, and pursuant to the

27  equitable powers of this court, DEFENDANTS should be ordered to disgorge and to restore to

28  PLAINTIFFS and the rest of the CLASS all funds DEFENDANTS retained by means of the unfair

22

**FIRST AMENDED COMPLAINT**

and unlawful business acts and practices alleged herein, plus pre-judgment interest. (Bus. & Prof. Code, § 17203; *Cortez vs. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163; *Ballard vs. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; *Irwin vs. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956.)

### TENTH CAUSE OF ACTION

### CIVIL PENALTIES UNDER PAGA

### [LAB. CODE §§ 2699, 512, 558, 1197, 1197.1; *ARIAS*, 46 CAL.4TH 969]

**Brought by PLAINTIFFS Individually and as a Private Enforcement Action Representative Suit against EMPLOYER PAGA-DEFENDANT and INDIVIDUAL PAGA-DEFENDANT**

80.    PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint as though fully set forth herein.

81.    PLAINTIFFS bring this cause of action under section 2699(a) individually and as a PAGA representative suit on behalf of PLAINTIFFS and all other AGGRIEVED EMPLOYEES against the EMPLOYER PAGA-DEFENDANT and the INDIVIDUAL PAGA-DEFENDANT.

82.    Section 512 states in pertinent part as follows:

(a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, …. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, ….

83.    Section 558 states in pertinent part as follows:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

23

**FIRST AMENDED COMPLAINT**

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

84.     Section 558 Penalties For Violations Of Section 512. EMPLOYER PAGA-DEFENDANT failed to provide PLAINTIFFS and other AGGRIEVED EMPLOYEES with required meal periods in violation of section 512. At all times relevant, EMPLOYER PAGA-DEFENDANT employed PLAINTIFFS and other AGGRIEVED EMPLOYEES for work periods of more than five hours per day without providing them with an off-duty, uninterrupted meal period of not less than 30 minutes, and for work periods of more than 10 hours per day without providing them with a second off-duty, uninterrupted meal period of not less than 30 minutes. At all times relevant, the INDIVIDUAL PAGA-DEFENDANT was as a person acting on behalf of the EMPLOYER PAGA-DEFENDANT who caused the same to violate section 512. For example, the INDIVIDUAL PAGA-DEFENDANT was the individual acting on behalf of the EMPLOYER PAGA-DEFENDANT who told Plaintiff Santos Garcia that he could not let the truck out of his sight at any time, even when the truck was not loaded because until the truck was paid off it was not his truck and Evans Delivery did not want the truck to be stolen, which means he was never provided with an off-duty meal period as required under California law because Plaintiff and all AGGRIEVED EMPLOYEES were required to always watch the truck and watching is working. California requires that employees be relieved of all responsibilities during 10 minute meal breaks. Since Plaintiff was required to work i.e. watch the truck at all times, he could not take those breaks. PLAINTIFFS therefore seek and are entitled to recover civil penalties, in addition to an amount sufficient to recover underpaid wages, under section 558 from the EMPLOYER PAGA-DEFENDANT and INDIVIDUAL PAGA-DEFENDANT, jointly and severally, owed to PLAINTIFFS and each of the other AGGRIEVED EMPLOYEES, for each pay period said

24

**FIRST AMENDED COMPLAINT**

1    Defendants, and each of them committed/commits a violation of section 512 against PLAINTIFFS

2    and/or any of the other AGGRIEVED EMPLOYEES, plus an award of reasonable attorney's fees

3    and costs pursuant to section 2699(g)(1).

4         85.    Section 558 Penalties For Violations Of Section 558 Predicated On Violations Of

5    Subparts 11 And 12 Of WAGE ORDER 9. At all times relevant, PLAINTIFFS and other

6    AGGRIEVED EMPLOYEES were employed as employees by EMPLOYER PAGA-

7    DEFENDANT and during said employment they worked in excess of four hours per workday for

8    which EMPLOYER PAGA-DEFENDANT did not provide PLAINTIFFS and other AGGRIEVED

9    EMPLOYEES with 10 minutes of off-duty rest time during which they were relieved of all duty,

10   for each fours hours or major potion thereof worked, nor were they paid an additional hour of

11   wages for each rest period that was not provided, which constitutes repeated and ongoing

12   violations subpart 12 of WAGE ORDER 9 and section 558 thereby, committed by EMPLOYER

13   PAGA-DEFENDANT against PLAINTIFFS and other AGGRIEVED EMPLOYEES. The

14   EMPLOYER PAGA-DEFENDANT'S failure to provide meal periods as alleges above, for which

15   they were not paid an additional hour of wages for each rest period that was not provided, also

16   constitutes violations section subpart 11 of WAGE ORDER 9 and section 558 thereby. At all times

17   relevant, the INDIVIDUAL PAGA-DEFENDANT was as a person acting on behalf of the

18   EMPLOYER PAGA-DEFENDANT who caused the same to violate subparts 11 and 12 of WAGE

19   ORDER 9 and section 558 thereby. For example, the INDIVIDUAL PAGA-DEFENDANT was the

20   individual acting on behalf of the EMPLOYER PAGA-DEFENDANT who told Plaintiff Santos

21   Garcia that he could not let the truck out of his sight at any time, even when the truck was not

22   loaded because until the truck was paid off it was not his truck and Evans Delivery did not want

23   the truck to be stolen, which means he was never provided with an off-duty meal or rest period as

24   required under California law because Plaintiff and all AGGRIEVED EMPLOYEES were required

25   to always watch the truck and watching is working. California requires that employees be relieved

26   of all responsibilities during 10 minute and meal breaks. Since Plaintiff was required to work i.e.

27   watch the truck at all times, he could not take those breaks. PLAINTIFFS therefore seek and are

28   entitled to recover civil penalties, in addition to an amount sufficient to recover underpaid wages,

**FIRST AMENDED COMPLAINT**

1  under section 558 from the EMPLOYER PAGA-DEFENDANT and INDIVIDUAL PAGA-

2  DEFENDANT, jointly and severally, owed to PLAINTIFFS and each of the other AGGRIEVED

3  EMPLOYEES, for each pay period said Defendants, and each of them committed/commits a

4  violation of subpart 11 and/or 12 of WAGE ORDER 9 and section 558 thereby, against

5  PLAINTIFFS and/or any of the other AGGRIEVED EMPLOYEES, plus an award of reasonable

6  attorney's fees and costs pursuant to section 2699(g)(1).

7  <center>**ELEVENTH CAUSE OF ACTION**</center>

8  <center>**CIVIL PENALTIES UNDER PAGA**</center>

9  <center>**[LAB. CODE §§ 2699, 226, 226.2, 226.3, 1198, 2802, 226.7, 204, 210, 203; WAGE**</center>

10  <center>**ORDER 9 §§ 11, 12; MIN. WAGE ORDERS; *ARIAS*, 46 CAL.4TH 969]**</center>

11  <center>**Brought by PAGA PLAINTIFFS Individually and as a Private Enforcement Action**</center>

12  <center>**Representative Suit against EMPLOYER PAGA-DEFENDANT**</center>

13  86.    PAGA PLAINTIFFS refer to and incorporate all of the paragraphs of this complaint

14  as though fully set forth herein.

15  87.    PAGA PLAINTIFFS bring this cause of action under Labor Code section 2699(a) as

16  a PAGA representative suit on behalf of PAGA PLAINTIFFS and all other AGGRIEVED

17  EMPLOYEES against EMPLOYER PAGA-DEFENDANT.

18  88.    Section 226.3 states as follows:

19  Any employer who violates subdivision (a) of Section 226 shall be

20  subject to a civil penalty in the amount of two hundred fifty dollars

21  ($250) per employee per violation in an initial citation and one

22  thousand dollars ($1,000) per employee for each violation in a

23  subsequent citation, for which the employer fails to provide the

24  employee a wage deduction statement or fails to keep the records

25  required in subdivision (a) of Section 226.

26  89.    Section 226.3 Penalties for Violations of Sections 226 and 226.2. EMPLOYER

27  PAGA-DEFENDANT failed to provide PAGA PLAINTIFFS and other AGGRIEVED

28  EMPLOYEES with accurate itemized wage statements in violation of Labor Code section 226(a)

<center>26</center>
<center>**FIRST AMENDED COMPLAINT**</center>

by failing to include, without limitation, the information required by Labor Code section 226.2(a)(2), total hours worked and applicable rates, for which PAGA PLAINTIFFS seeks on behalf of PAGA PLAINTIFFS and all other AGGRIEVED EMPLOYEES, and is entitled to recover, civil penalties from EMPLOYER PAGA-DEFENDANT under section 226.3 for each pay period in which a violation occurred, plus an award of reasonable attorney fees and costs pursuant to Labor Code section 2699(g)(1).

90.     Section 2699(f) sets forth the amount of the civil penalty to be awarded under PAGA for Labor Code violations for which a civil penalty amount is not specifically provided:

> (f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: …. (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

91.     Section 2699(f) Penalties for Violations of Section 226.2. PAGA PLAINTIFFS and all other AGGRIEVED EMPLOYEES were paid by EMPLOYER PAGA-DEFENDANT on a piece rate but were not compensated for rest periods separately from their piece rate compensation, in violation of section 226.2, for which PAGA PLAINTIFFS seek and are entitled to recover on behalf of PAGA PLAINTIFFS and all other AGGRIEVED EMPLOYEES, civil penalties from EMPLOYER PAGA-DEFENDANT under Labor Code section 2699(f) for each pay period in which a violation occurred, plus an award of reasonable attorney fees and costs pursuant to Labor Code section 2699(g)(1).

92.     Section 2699(f) Penalties for Violations of Section 2802. Defendants failed to reimburse PAGA PLAINTIFFS and other AGGRIEVED EMPLOYEES for business expenses including, but not limited to, mileage, fuel and other costs associated with the trucks they used in the discharge of their duties, for which PAGA PLAINTIFFS seek and are entitled to recover on behalf of PAGA PLAINTIFFS and all other AGGRIEVED EMPLOYEES, civil penalties from

27

**FIRST AMENDED COMPLAINT**

1   EMPLOYER PAGA-DEFENDANT under Labor Code section 2699(f) for each pay period in

2   which a violation occurred, plus an award of reasonable attorney fees and costs pursuant to Labor

3   Code section 2699(g)(1).

4         93.    Section 2699(f) Penalties For Violations Of Section 226.7. At all times relevant,

5   EMPLOYER PAGA-DEFENDANT violated section 226.7 by failing to provide PAGA

6   PLAINTIFFS and all other AGGRIEVED EMPLOYEES with meal and rest periods required by

7   subparts 11 and 12 of WAGE ORDER 9, as alleged above, for which the EMPLOYER PAGA-

8   DEFENDANT failed to pay them an additional hour of wages for each meal and rest period that

9   was not provided, as required by section 226.7, for which PAGA PLAINTIFFS seek and are

10  entitled to recover civil penalties from EMPLOYER PAGA-DEFENDANT, on behalf of PAGA

11  PLAINTIFFS and all other AGGRIEVED EMPLOYEES under section 2699(f) separately for each

12  current, former and future employee for each pay period a violation of section 226.7 was/is

13  committed, plus an award of reasonable attorney's fees and costs pursuant to section 2699(g)(1).

14        94.    Section 2699(f) Penalties for Violations of Section 203. EMPLOYER PAGA-

15  DEFENDANT violated section 203 by willfully failing to pay PAGA PLAINTIFFS and the other

16  AGGRIEVED EMPLOYEES all wages due after separation by failing to pay PAGA PLAINTIFFS

17  and the other AGGRIEVED EMPLOYEES who have separated from their emloyment, by willfully

18  failing to pay PAGA PLAINTIFFS and the other AGGRIEVED EMPLOYEES the wages they

19  were and are due as alleged herein, and then failing to pay them the waiting time penalties they

20  were and are owed under section 203, for which PAGA PLAINTIFFS seek and are entitled to

21  recover civil penalties from EMPLOYER PAGA-DEFENDANT, on behalf of PAGA

22  PLAINTIFFS and all other AGGRIEVED EMPLOYEES under section 2699(f) separately for each

23  violation of section 203, for each pay period that Defendants committed said violations, plus an

24  award of reasonable attorney's fees and costs pursuant to section 2699(g)(1).

25        95.    Section 1198: "The maximum hours of work and the standard conditions of labor

26  fixed by the commission shall be the maximum hours of work and the standard conditions of labor

27  for employees. The employment of any employee for longer hours than those fixed by the order or

28  under conditions of labor prohibited by the order is unlawful."

28

**FIRST AMENDED COMPLAINT**

96.     Labor Code Section 2699(f) Penalties for Violations of Section 1198. As alleged above, EMPLOYER PAGA-DEFENDANT failed to provide PAGA PLAINTIFFS and all other AGGRIEVED EMPLOYEES required meal and rest periods in violation of subparts 11 and 12 of WAGE ORDER 9, for which PAGA PLAINTIFFS seek and are entitled to recover on behalf of PAGA PLAINTIFFS and all other AGGRIEVED EMPLOYEES, civil penalties from EMPLOYER PAGA-DEFENDANT under Labor Code section 2699(f) for each pay period in which a violation occurred, plus an award of reasonable attorney fees and costs pursuant to Labor Code section 2699(g)(1).

97.     Section 210 states in pertinent part as follows:

(a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections … , 204, …, shall be subject to a civil penalty as follows:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

98.     Section 210 Penalties For Violations Of Sections 204 and 221. At all times relevant, EMPLOYER PAGA-DEFENDANT made deductions from PAGA PLAINTIFFS and each of the CLASS member's remuneration which were unlawful under sections 221 and 224, which include the deductions listed on the "SETTLEMENT DETAILS" they were provided with their remuneration, which resulted in them not being paid their wages semimonthly, all of which constitutes repeated and ongoing violations of sections 204 and 221 by EMPLOYER PAGA-DEFENDANT, for which PAGA PLAINTIFFS seek and are entitled to recover civil penalties from EMPLOYER PAGA-DEFENDANT, on behalf of PAGA PLAINTIFFS and all other AGGRIEVED EMPLOYEES under section 210 separately for each current, former and future employee for each pay period a violation of section 204 and/or 221 was/is committed, plus an

29
**FIRST AMENDED COMPLAINT**

1   award of reasonable attorney's fees and costs pursuant to section 2699(g)(1).

2   99.   Section 1197.1 states the following in pertinent part:

3   (a) Any employer or other person acting either individually or as an
4   officer, agent, or employee of another person, who pays or causes to be
5   paid to any employee a wage less than the minimum fixed by an
6   applicable state or local law, or by an order of the commission shall be
7   subject to a civil penalty, restitution of wages, liquidated damages
8   payable to the employee, and any applicable penalties imposed
9   pursuant to Section 203 as follows:

10   (1) For any initial violation that is intentionally committed, one
11   hundred dollars ($100) for each underpaid employee for each pay
12   period for which the employee is underpaid. This amount shall be in
13   addition to an amount sufficient to recover underpaid wages, liquidated
14   damages pursuant to Section 1194.2, and any applicable penalties
15   imposed pursuant to Section 203.

16   (2) For each subsequent violation for the same specific offense, two
17   hundred fifty dollars ($250) for each underpaid employee for each pay
18   period for which the employee is underpaid regardless of whether the
19   initial violation is intentionally committed. This amount shall be in
20   addition to an amount sufficient to recover underpaid wages, liquidated
21   damages pursuant to Section 1194.2, and any applicable penalties
22   imposed pursuant to Section 203.

23   (3) Wages, liquidated damages, and any applicable penalties imposed
24   pursuant to Section 203, recovered pursuant to this section shall be
25   paid to the affected employee.

26   100.   Section 1197.1 penalties for violations of section 1197. At all times relevant, PAGA
27   PLAINTIFFS and other AGGRIEVED EMPLOYEES were paid by EMPLOYER PAGA-
28   DEFENDANT on a piece rate basis but were not compensated for rest periods separately from

30

**FIRST AMENDED COMPLAINT**

1   their piece rate compensation, nor were they paid the minimum wage for all hours worked

2   performing work at the direction of EMPLOYER PAGA-DEFENDANT that precluded PAGA

3   PLAINTIFFS and the other AGGRIEVED EMPLOYEES from the opportunity to earn a piece rate,

4   in violation of section 1197. PAGA PLAINTIFFS therefore seeks and are entitled to recover civil

5   penalties under section 1197.1 from EMPLOYER PAGA-DEFENDANT, owed to PAGA

6   PLAINTIFFS and each of the other AGGRIEVED EMPLOYEES for each pay period

7   EMPLOYER PAGA-DEFENDANT committed/commits a violation of section 1197, in addition to

8   an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2,

9   and any applicable penalties imposed pursuant to section 203, plus an award of reasonable

10  attorney's fees and costs pursuant to section 2699(g)(1).

11  <div align="center">**PRAYER FOR RELIEF**</div>

12  101.  WHEREFORE, PLAINTIFFS pray for judgment against each of the Defendants, jointly

13  and severally, as follows:

14  <div align="center">**FIRST CAUSE OF ACTION**</div>

15  102.  For the recovery of all unpaid wages owed to PLAINTIFFS and the rest of

16  the CLASS pursuant to sections 226.2 and 1194, in an amount according to

17  proof at trial;

18  103.  For an award of liquidated damages pursuant to section 1194.2(a);

19  104.  For an award of prejudgment interest pursuant to sections 218.6 and 1194; and,

20  105.  For an award of reasonable attorney's fees and costs pursuant to sections 218.5 and

21  1194.

22  <div align="center">**SECOND CAUSE OF ACTION**</div>

23  106.  For the recovery of all unpaid minimum wages owed to PLAINTIFFS and

24  the rest of the CLASS pursuant to sections 226.2 and 1194, in an amount

25  according to proof at trial;

26  107.  For an award of liquidated damages pursuant to section 1194.2(a);

27  108.  For an award of prejudgment interest pursuant to sections 218.6 and 1194; and,

28  109.  For an award of reasonable attorney's fees and costs pursuant to sections 218.5 and

<div align="center">31</div>
<div align="center">**FIRST AMENDED COMPLAINT**</div>

1194.

## THIRD CAUSE OF ACTION

110. For reimbursement and indemnification all unreimbursed expenses owed to PLAINTIFFS and the rest of the CLASS pursuant to section 2802, in an amount according to proof at trial;

111. For an award of pre-judgment interest pursuant to section 2802(b);

112. For an award of attorney fees pursuant to section 2802(c); and,

113. For all costs incurred;

## FOURTH AND FIFTH CAUSES OF ACTION

114. For the recovery of all premium wages owed to PLAINTIFFS and the rest of the CLASS pursuant to section 226.7, in an amount according to proof at trial;

115. For an award of prejudgment interest pursuant to section 218.6; and

116. For an award of attorney's fees pursuant to C.C.P. section 1021.5.

## SIXTH CAUSE OF ACTION

117. For the recovery of all unpaid wages owed to PLAINTIFFS and the rest of the CLASS pursuant to sections 204, in an amount according to proof at trial;

118. For an award of prejudgment interest pursuant to sections 218.6; and,

119. For an award of reasonable attorney's fees pursuant to section 218.5.

## SEVENTH CAUSE OF ACTION

120. That Defendants are ordered to pay PLAINTIFFS and the rest of the CLASS the maximum statutory penalties under section 203, in an amount according to proof at trial.

## EIGHTH CAUSE OF ACTION

121. That Defendants are ordered to pay PLAINTIFFS and the rest of the CLASS the maximum statutory penalties under section 226(e), in an amount according to proof at trial; and,

32

**FIRST AMENDED COMPLAINT**

122. For an award of attorney's fees pursuant to section 226(e).

**<u>NINTH CAUSE OF ACTION</u>**

123. For injunctive relief ordering DEFENDANTS to discontinue the unfair and unlawful practices as alleged herein;

124. That DEFENDANTS be ordered to be disgorge all monies they obtained from PLAINTIFFS and the rest of the CLASS as a result of their unlawful and unfair business acts and practices, including all funds DEFENDANTS retained from expenditures made by PLAINTIFFS and the rest of the CLASS for reimbursable expenses and all funds they paid out-of-pocket in order to perform services for DEFENDANTS or deducted from their remuneration by DEFENDANTS, by means of the unfair and unlawful business acts and practices alleged herein;

125. That DEFENDANTS be ordered to restore to PLAINTIFFS and the rest of the CLASS all funds DEFENDANTS retained from PLAINTIFFS' remuneration for the cost of DEFENDANTS' expenses, by means of the unfair and unlawful business acts and practices alleged herein;

126. That DEFENDANTS be ordered to restore all expenditures made by PLAINTIFFS and the rest of the CLASS or deductions by DEFENDANTS from their remuneration in an amount according to proof at time of trial;

127. For restitution of all premium wages owed for meal and rest periods that were not provided, and compensation owed for rest periods that should have been separately compensation from PLAINTIFFS and the rest of the CLASS members' piece rate, unlawfully and improperly withheld or obtained from PLAINTIFFS by means of the unfair and unlawful business acts and practices alleged herein;

128. For interest pursuant to Business & Professions Code § 17203, *Ballard vs. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177 and *Irwin vs. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956, and under

33

**FIRST AMENDED COMPLAINT**

1    the equitable powers of the Court;

2    129. For reasonable costs as provided by C.C.P. § 1032 and,

3    130. For an award of attorney's fees pursuant to C.C.P. section 1021.5.

4    **TENTH CAUSE OF ACTION**

5    131. For the recovery of civil penalties under section 558 on behalf of

6    PLAINTIFFS and all other AGGRIEVED EMPLOYEES, in addition to an

7    amount sufficient to recover underpaid wages; and,

8    132. For an award of reasonable attorney's fees and costs pursuant to section

9    2699(g)(1).

10   **ELEVENTH CAUSE OF ACTION**

11   133. For the recovery of civil penalties sections 210, 226.3 and 2699(f) on behalf

12   of PLAINTIFFS and all other AGGRIEVED EMPLOYEES;

13   134. For the recovery of civil penalties under section 1197.1 on behalf of

14   PLAINTIFFS and all other AGGRIEVED EMPLOYEES, in addition to an

15   amount sufficient to recover underpaid wages, liquidated damages pursuant

16   to Section 1194.2, and any applicable penalties imposed pursuant to section

17   203;

18   135. For an award of reasonable attorney's fees and costs pursuant to section

19   2699(g).

20   **ALL CAUSES OF ACTION**

21   136. For unpaid compensation and penalties as allowed by law, which amount is

22   in excess of $25,000;

23   137. For an award of reasonable attorney's fees pursuant to section 218.5 and as

24   otherwise allowed by law;

25   138. For interest as allowed by law;

26   ///

27   ///

28   ///

34

**FIRST AMENDED COMPLAINT**

139.  For costs of suit herein incurred; and,

140.  For such other and further relief as the court deems proper.

Dated: March 20, 2019                    LAW OFFICES OF STEPHEN GLICK

                                         By: _____
                                              M. Anthony Jenkins
                                         Attorney for Plaintiffs SANTOS H. GARCIA,
                                         RAMIRO OROZCO and MICHEL SALMO,
                                         individually and on behalf of all others
                                         similarly situated, all current, former and future
                                         aggrieved employees, and the general public of
                                         California, and Plaintiffs WILVER ANTONIO
                                         VASQUEZ QUINTANILLA and EDGAR
                                         VELIZ BAEZA, individually and on behalf of
                                         all others similarly situated and the general
                                         public of California

35

**FIRST AMENDED COMPLAINT**

1

**PROOF OF SERVICE**
1013(a)CCP

2

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

5

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, Suite 1480, Los Angeles, California 90017.

6

On April 18, 2019, I served copies of the following documents:

7

**FIRST AMENDED COMPLAINT**

8

9

  XX   **(BY ELECTRONIC SERVICE)** I caused such document to be delivered by using Case Anywhere LLC to the following parties listed below:

10

11

Alaina C. Hawley
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.

12

10 West Market Street, Suite 1400
Indianapolis, IN 46214

13

14

15

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16

Executed this April 18, 2019, at Los Angeles, California.

17

18

19

Elvin Cruz

20

21

22

23

24

25

26

27

28

1

1   Alaina C. Hawley. (SBN 309191)
    ahawley@scopelitis.com
2   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
    10 West Market Street, Suite 1400
3   Indianapolis, Indiana 46214
    Tel:  (317) 637-1777
4   Fax: (317) 687-2414

5   Attorney for Defendant
    EVANS DELIVERY COMPANY, INC.

6

7              SUPERIOR COURT OF CALIFORNIA

8              COUNTY OF LOS ANGELES

9   SANTOS H. GARCIA, individually and          Case No. 18STCV04250
    on behalf of all others similarly situated,
10  all current, former and future aggrieved
    employees, and the general public of
11  California; RAMIRO OROZCO,                   **DEFENDANT EVANS DELIVERY**
    individually and on behalf of all others     **COMPANY INC.'S ANSWER AND**
12  similarly situated, all current, former and  **AFFIRMATIVE DEFENSES TO**
    future aggrieved employees, and the          **PLAINTIFFS' FIRST AMENDED**
13  general public of California; MICHEL         **CLASS ACTION COMPLAINT**
    SALMO, individually and on behalf of all
14  others similarly situated, all current,
    former and future aggrieved employees,
15  and the general public of California;        Action Filed: November 8, 2018
    WILVER ANTONIO VASQUEZ               Trial Date: Not set
16  QUINTANILLA and EDGAR VELIZ
    BAEZA, each individually and on behalf
17  of all others similarly situated and the
    general public of California,
18
                    Plaintiffs,
19
            vs.
20
    EVANS DELIVERY COMPANY, INC.,
21  a corporation; ALLEN CEPEDA; DOES
    1 through 100, inclusive,
22
                    Defendants.
23

24      Defendant, Evans Delivery Company, Inc. ("Evans"), responds to the First

25  Amended Class Action Complaint ("Complaint") filed by Plaintiffs Santos H. Garcia,

26  Ramiro Orozco, Michel Salmo, Wilver Antonio Vasquez Quintanilla, and Edgar Veliz

27  Baeza as follows:

28  ///

## I.

## __GENERAL DENIAL__

Under California Code of Civil Procedure § 431.30(d), Evans generally and specifically denies each and every allegation and each purported cause of action contained in the Complaint.  Without limiting the generality of the foregoing, Evans specifically denies that Plaintiffs, and/or the class they seek to represent, are entitled to any of the relief requested; that Evans misclassified Plaintiffs as independent contractors; that Evans violated any statute or other legal requirement pertaining to compensation paid to Plaintiffs or the putative class specified in the Complaint; that Evans is guilty of any wrongful conduct or omission; or that any conduct or omissions of Evans caused any injury or damage to Plaintiffs or the class they seek to represent, in the amount alleged or otherwise.

## II.

## __AFFIRMATIVE DEFENSES__

Under California Code of Civil Procedure § 431.30(g), Evans further pleads the following separate and additional defenses to the Complaint, without in any way agreeing or conceding that it has the burden of proof or persuasion on any of these issues or that it is liable for any claims against it:

1.    The Complaint should be dismissed because Plaintiffs have failed to allege facts sufficient to support a claim for relief under the statutes identified in the Complaint.

2.    The Complaint should be dismissed because questions regarding the benefits and protections to which Plaintiffs claim to have been entitled, including Plaintiffs' entitlement to those benefits, and the amount of any benefits, are within the exclusive and primary jurisdiction of certain California state and/or federal administrative agencies.

3.      Plaintiffs have failed to exhaust all administrative remedies available and required to secure the benefits and protections to which they claim to have been entitled under California Law.

4.      Plaintiffs' claims for damages are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

5.      Some or all of Plaintiffs' claims are barred by the doctrine of unclean hands.

6.      Some or all of Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

7.      Plaintiffs have been fully compensated for any wages owed and, by accepting the payments made to them, have effectuated an accord and satisfaction of their claims.

8.      Some or all of Plaintiffs' claims are barred because Evans has paid Plaintiffs in full.

9.      Some or all of Plaintiffs' claims are barred because Plaintiffs consented to the alleged conduct of Evans.

10.     Some or all of Plaintiffs' claims should be reduced by the doctrine of set off.

11.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of avoidable consequences.

12.     Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

13.     Plaintiffs' claims must be dismissed to the extent they relate to work activities performed outside California because the California Labor Code does not apply to work activities performed outside the state.

14.     Evans did not employ Plaintiffs, either directly or jointly. Plaintiffs were independent contractors or worked for independent contractors under California law and are therefore not entitled to any of the relief requested.

DEFENDANT EVANS DELIVERY COMPANY, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

15.     The business practices alleged in the Complaint are not "unfair," "unlawful," or "fraudulent" as those terms are defined and utilized in California Business & Professions Code § 17200 (the "UCL").

16.     Plaintiffs' claims are barred, in whole or in part, because the alleged practices are not unfair, the public is not likely to be deceived by any alleged practices, Evans gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

17.     The UCL is unconstitutional, vague, and over broad in the manner in which Plaintiffs claim that the statute applies to Evans' business practices; the UCL thus violates Evans' rights to due process and equal protection.

18.     Evans denies that Plaintiffs were its employees, but even if they were, Plaintiffs' claims under California Labor Code §§201-203 are barred because (a) a good faith, bona fide dispute exists or existed as to whether additional compensation is or was owed; (b) Evans has not intentionally or willfully failed to pay compensation to Plaintiffs; and (c) the imposition of penalties in this action would be inequitable and unjust.

19.     Evans denies that Plaintiffs were its employees, but even if they were, Plaintiffs' claims for waiting time penalties are barred to the extent they or any other person claiming such penalties did not resign or was not discharged prior to the filing of this action or was employed by Evans at the time the Complaint was filed.

20.     Any claims for penalties is unconstitutional under the U.S. Constitution and the California Constitution.

21.     Plaintiffs' claims for penalties under California Labor Code § 226 are barred because, even assuming for the sake of argument that Evans violated § 226, the alleged violation was not knowing or intentional on the part of Evans, and moreover, Plaintiffs have failed to show any injury resulting from the alleged violation.

22.     The imposition of penalties, including replicating penalties, as applied to the alleged facts and circumstances of this case, would violate Evans' due process

4

rights under the Fourteenth Amendment of the U.S. Constitution and under the Constitution and laws of the State of California. *Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005); *Ratner v. Chemical Bank New York Trust Co.*, 54 F.R.D. 412 (S.D.N.Y. 1972).

23.   This action does not meet the requirements for class action treatment, and Plaintiffs cannot satisfy the requirements for maintenance of a class action, including, without limitation, ascertainability, adequacy, commonality, typicality, predominance, superiority, and manageability.

24.   All actions taken by Evans toward Plaintiffs were lawful and not in violation of public policy.

25.   To the extent Plaintiffs seek to recover equitable relief, Plaintiffs are not entitled to that relief because (a) they have an adequate remedy at law and (b) they lack standing.

26.   Some or all of Plaintiffs' claims imposing penalties would be inequitable and unjust and are therefore barred because a good faith dispute exists as to whether additional compensation is due and owing, and Evans has not intentionally or willfully failed to pay such additional compensation.

27.   Even assuming for the sake of argument that Evans violated a statute in the California Labor Code, the UCL, or an Industrial Welfare Commission Wage Order, any alleged violation was a result of an act or omission in good faith, and Evans had reasonable grounds for believing the act or omission was not a violation of any statute, order, regulation, or policy.

28.   Pre-judgment interest may not be granted because the damages claimed by Plaintiffs are not sufficiently certain to allow an award of pre-judgment interest.

29.   Plaintiffs' claims for illegal deductions are barred because (a) there is no private right of action under Cal. Lab. Code § 221 and (b) the deductions were permitted under Cal. Lab. Code § 224 and the Federal Leasing Regulations, 49 C.F.R. Part 376.

30.     Plaintiffs' claims regarding Evans' alleged failure to provide meal and rest breaks under California law are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2, because (a) California's rest break rules conflict with the federal hours of service regulations, 49 C.F.R. Part 395, by imposing a different standard than that carefully set at the federal level by the Federal Motor Carrier Safety Administration ("FMCSA"); (b) the FMCSA's regulation of the hours of service of drivers in interstate commerce through the federal hours of service regulations, 49 C.F.R. Part 395, leaves no room for additional or supplemental state regulation of drivers' hours of service.

31.     Plaintiffs' claims, including their misclassification claim, meal and rest break claims, and minimum wage claims, are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST, art. VI, cl. 2, because compliance with California's Labor Code requirements affects Evans' prices, routes, and services within the meaning of the express preemption provision of the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501.

32.     To the extent Plaintiffs purport to apply the "ABC test" announced in *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal. 5th 903, 915 (2018), to some or all of their claims, the FAAAA preempts the application of the "ABC test" and requires Plaintiffs' claims of alleged employment misclassification to be decided under the factors laid out in *S.G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal.3d 341 (1989).

33.     The FMCSA precludes the application of and prohibits the enforcement of the California meal and rest break laws to commercial drivers pursuant to 49 U.S.C. § 31141.

34.     To the extent that Evans provided Plaintiffs with the opportunity to take a meal break or rest break and they declined, failed, or refused to do so, Plaintiffs cannot recover.

///

DEFENDANT EVANS DELIVERY COMPANY, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

35.     Plaintiffs cannot recover alleged unpaid meal break compensation under the UCL because any payments under Cal. Labor Code § 226.7 are not subject to equitable relief.

36.     Plaintiffs' claims regarding Evans' alleged failure to reimburse Plaintiffs' business expenses and for unlawful deductions under California law are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2, because (a) they conflict with the Federal Leasing Regulations, 49 C.F.R. Part 376, by prohibiting what is expressly permitted under those regulations; and (b) they affect Evans' prices, routes, and services within the meaning of the express preemption provision of the FAAAA.

37.     To the extent that Plaintiffs seek to recover under California's meal and rest period rules for drivers hauling hazardous materials, that recovery is preempted under the Supremacy Clause of the U.S. Constitution, Art. VI, cl. 2, because the California meal and rest break rules are in direct conflict with the requirements of 49 C.F.R. § 172.800.

38.     Plaintiffs' claims are barred because they are an undue burden upon interstate commerce in violation of the Commerce Clause of the U.S. Constitution, U.S. CONST. art. I, § 8, cl. 3.

39.     Plaintiffs have waived their right to some or all of the meal and rest breaks by failing to take breaks provided to them as required by law, or by expressly waiving the right to take breaks.

40.     Plaintiffs' claims regarding Evans' alleged failure to pay all wages owed every pay period are barred because California Labor Code § 204 does not provide a private right of action.

41.     To the extent Plaintiffs seek wages or penalties for both alleged meal and rest break violations for the same working day, such wages or penalties are duplicative and improper.

///

7

DEFENDANT EVANS DELIVERY COMPANY, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

42.   To the extent that Plaintiffs seek punitive damages based on the alleged acts of Evans, the Complaint violates Evans' right to substantive due process as provided by the U.S. Constitution and the California Constitution.

43.   Some or all of Plaintiffs' claims are barred because the complained-of conduct occurred before Plaintiffs or any of the putative class members performed services under an agreement with Evans.

44.   Plaintiffs' claims that Evans failed to reimburse them for work-related expenses and losses should be dismissed because Plaintiffs fail to sufficiently identify alleged work-related expenses, fail to claim that they requested reimbursement for any alleged expenses, and fail to allege that it was reasonable and necessary for Plaintiffs to incur those expenses.

45.   Without admitting that Plaintiffs have been damaged in any sum whatsoever or at all, Evans is informed and believes and, based on such information and belief, alleges that, if Plaintiffs have suffered any damages as alleged in the Complaint, the damages were proximately caused in whole or in part by Plaintiffs' own acts or omissions, and any damages otherwise recoverable by Plaintiffs should be reduced in the proportion to which the damages resulted from their own conduct.

46.   Some or all of Plaintiffs' claims are barred because Plaintiffs lack standing to assert those claims.

47.   Plaintiffs lack standing to assert claims under California Labor Code § 203.

48.   Plaintiff lacks standing to pursue PAGA claims on behalf of himself or as a representative because he is not an "aggrieved employee."

49.   Plaintiffs' PAGA claims are barred because PAGA is unconstitutionally vague and overbroad as applied to the facts and circumstances of this case.

50.   Plaintiffs' PAGA claims are barred because Labor Code § 2699, which authorizes private actions against employers for civil penalties, three-quarters of which are paid to an executive agency of the State of California, constitutes an unlawful

delegation of power in violation of the California Constitution.

51.     Plaintiffs and the purported class members have waived any claims and should be estopped from asserting claims that they may have against Evans to the extent they have continued to do business with Evans.

52.     Plaintiffs' claims against unnamed "Doe" defendants must be dismissed because Plaintiffs have failed to allege facts sufficient to state a claim upon which relief can be granted with respect to those purported defendants, and because Plaintiffs have failed to identify and serve those purported defendants in a timely manner.

53.     Plaintiffs' damages, if any, are proximately caused by their voluntary decisions to enter into a business relationship with Evans or an independent contractor under contract with Evans and thus are not damages but rather are costs arising from that business relationship.

54.     Without waiving its ability to oppose class certification and explicitly asserting its opposition to the propriety of class treatment, if the Court does certify a class in this case over Evans' objections, then Evans asserts the affirmative defenses set forth above against each and every member of the certified class.

55.     Evans will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend its answer and affirmative defenses to include additional defenses after the completion of discovery.

56.     To the extent Plaintiffs demonstrate that they, and the putative class they seek to represent, were misclassified as independent contractors, they may only avail themselves of the remedies afforded for recission and restitution and alleged violations of the California Labor Code.

WHEREFORE, Evans requests judgment as follows:

A.     That this action not be certified as a class action;

B.     That Plaintiffs take nothing by way of the Complaint;

C.     That judgment be entered against Plaintiffs and in favor of Evans;

D.     That Evans be awarded its attorney fees and costs incurred in this case;

9

DEFENDANT EVANS DELIVERY COMPANY, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

and

      E.     That Evans be awarded all other necessary and proper relief.

## **<u>JURY DEMAND</u>**

Evans demands a trial by jury in this matter.

Dated: May 14, 2019

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.

By: _____

Alaina C. Hawley
Attorney for Defendant,
EVANS DELIVERY COMPANY, INC.

DEFENDANT EVANS DELIVERY COMPANY, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

## **PROOF OF SERVICE**

### **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Michelle Lazo**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

On, May 14, 2019, I served the foregoing document described as **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT** on interested parties as follows:

> Stephen Glick, Esq.
> M. Anthony Jenkins, Esq.
> LAW OFFICES OF STEPHEN GLICK
> 1055 Wilshire Boulevard, Suite 1480
> Los Angeles, California 90017

√    **(VIA CASE ANYWHERE)** I caused such documents described herein to be uploaded electronically onto the website www.caseanywhere.com per a mutual agreement between the parties. I uploaded the above entitled document(s) with the understanding that all parties will have access and be able to download said documents.

√    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 14, 2019 at Pasadena, California.

_____
Michelle Lazo

4814-8134-4136, v. 7