1  Christopher C. McNatt, Jr. (SBN 174559)
   cmcnatt@scopelitis.com
2  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
   2 North Lake Avenue, Suite 560
3  Pasadena, CA 91101
   P: 626-795-4700
4  F: 626-795-4790

5  Christopher J. Eckhart (admitted *pro hac vice*)
   ceckhart@scopelitis.com
6  James T. Spolyar (admitted *pro hac vice*)
   jspolyar@scopelitis.com
7  Alaina C. Hawley (SBN 309191)
   ahawley@scopelitis.com
8  SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
   10 West Market Street, Suite 1400
9  Indianapolis, IN 46204
   P: 317-637-1777
10 F: 317-687-2414

11 Attorneys for Defendant,
   EVANS DELIVERY COMPANY, INC.

12

13                    **ADDITIONAL COUNSEL ON NEXT PAGE**

14                    UNITED STATES DISTRICT COURT

15                    CENTRAL DISTRICT OF CALIFORNIA

16  SANTOS H. GARCIA, individually and on        Case No.: 2:19–cv–04316–DSF–E~~x~~
    behalf of all others similarly situated, all
17  current, former and future aggrieved
    employees, and the general public of
18  California; RAMIRO OROZCO, individually
    and on behalf of all others similarly situated,
19  all current, former and future aggrieved
    employees, and the general public of
20  California; MICHEL SALMO, individually      **[~~PROPOSED~~] STIPULATED**
    and on behalf of all others similarly situated,  **PROTECTIVE ORDER**
21  all current, former and future aggrieved
    employees, and the general public of
22  California; WILVER ANTONIO VASQUEZ
    QUINTANILLA and EDGAR VELIZ
23  BAEZA, each individually and on behalf of all
    others similarly situated and the general public
24  of California,
                        Plaintiffs,
25        v.

26  EVANS DELIVERY COMPANY, INC.,
    a corporation; ALLEN CEPEDA; DOES 1 to
27  100, inclusive,
                        Defendants.

28

1   Howard Smith, (SBN 166571)
    hjsmith@b3law.com
2   BERMAN SCHNEIDER & LOWARY, LLP
    11900 West Olympic Boulevard, Suite 600
3   Los Angeles, CA 90064-1151
    P: 310-447-9000
4   F: 310-447-9011

5   Attorney for Defendant,
6   ALLEN CEPEDA

7   STEPHEN GLICK (SBN 59404)
    sglick@glicklegal.com
8   M. ANTHONY JENKINS (SBN 171958)
9   ajenkins@glicklegal.com
    LAW OFFICES OF STEPHEN GLICK
10  1055 Wilshire Boulevard, Suite 1480
    Los Angeles, California 90017
11  Telephone: (213) 387-3400
    Fax: (213) 387-7872
12

13  Attorneys for Plaintiffs,
    SANTOS H. GARCIA, RAMIRO OROZCO, MICHEL SALMO,
14  WILVER ANTONIO VASQUEZ QUINTANILLA and
15  EDGAR VELIZ BAEZA, individually and on behalf of all
    others similarly situated, current and former aggrieved
16  employees, and the *general public of California*

17

18

19

20

21

22

23

24

25

26

27

28

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

     Discovery in this action is likely to involve production of confidential, proprietary, or private information inlcuding but not limited to involve production and disclosure of Evans Delivery Company, Inc.'s proprietary and confidential business information, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

     2.1    <u>Action</u>: *Santos H. Garcia et al. v. Evans Delivery Company, Inc., et al.* Case No. 2:19-cv-04316-DSF-E, U.S. District Court for the Central District of California.

     2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

     2.3    <u>"CONFIDENTIAL" Information or Items</u>: Any documents, testimony or information designated as "Confidential" pursuant to the provisions of this Protective Order.

     2.4    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   <u>House Counsel</u>: attorneys who are employees of a party to this Action. A House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including support staff.

2.11   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1   2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is
2   designated as "CONFIDENTIAL."

3   2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material
4   from a Producing Party.

5   3.   <u>SCOPE</u>

6   The protections conferred by this Stipulation and Order cover not only
7   Protected Material (as defined above), but also (1) any information copied or
8   extracted from Protected Material; (2) all copies, excerpts, summaries, or
9   compilations of Protected Material; and (3) any testimony, conversations, or
10  presentations by Parties or their Counsel that might reveal Protected Material.

11  Any use of Protected Material at trial shall be governed by the orders of the
12  trial judge. This Order does not govern the use of Protected Material at trial.

13  4.   <u>DURATION</u>

14  Even after final disposition of this litigation, the confidentiality obligations
15  imposed by this Order shall remain in effect until a Designating Party agrees
16  otherwise in writing or a court order otherwise directs. Final disposition shall be
17  deemed to be the later of (1) dismissal of all claims and defenses in this Action, with
18  or without prejudice; and (2) final judgment herein after the completion and
19  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,
20  including the time limits for filing any motions or applications for extension of time
21  pursuant to applicable law.

22  5.   <u>DESIGNATING PROTECTED MATERIAL</u>

23  5.1   The Designating Party shall have the right to designate as "Confidential"
24  any Documents, Testimony or Information that the Designating Party in good faith
25  believes to contain non-public information that is entitled to confidential treatment
26  under applicable law.

27  5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in
28  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material, including all protected testimony, on the record, before the close of the deposition.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS.   In the event that counsel for a Party receiving Documents, Testimony or Information in discovery

1   designated as "Confidential" objects to such designation with respect to any or all of

2   such items, said counsel shall advise counsel for the Designating Party, in writing, of

3   such objections, the specific Documents, Testimony or Information to which each

4   objection pertains, and the specific reasons and support for such objections (the

5   "Designation Objections"). Counsel for the Designating Party shall have thirty (30)

6   days from receipt of the written Designation Objections to either (a) agree in writing

7   to de-designate Documents, Testimony or Information pursuant to any or all of the

8   Designation Objections and/or (b) file a motion with the Court seeking to uphold any

9   or all designations on Documents, Testimony or Information addressed by the

10   Designation Objections (the "Designation Motion"). Pending a resolution of the

11   Designation Motion by the Court, any and all existing designations on the

12   Documents, Testimony or Information at issue in such Motion shall remain in place.

13   The Designating Party shall have the burden on any Designation Motion of

14   establishing the applicability of its "Confidential" designation. In the event that the

15   Designation Objections are neither timely agreed to nor timely addressed in the

16   Designation Motion, then such Documents, Testimony or Information shall be de-

17   designated in accordance with the Designation Objection applicable to such material.

18   7.   ACCESS TO AND USE OF PROTECTED MATERIAL Access to and/or

19   Disclosure of Confidential Materials designated as "Confidential" shall be permitted

20   only to the following persons:

21        (a)   the Court;

22        (b)   (1) Attorneys of record in the Proceedings and their affiliated

23   attorneys, paralegals, clerical and secretarial staff employed by such attorneys who

24   are actively involved in the Proceedings and are not employees of any Party. (2) In-

25   house counsel to the undersigned Parties and the paralegal, clerical and secretarial

26   staff employed by such counsel. Provided, however, that each non-lawyer given

27   access to Confidential Materials shall be advised that such Materials are being

28   Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective

1 | Order and that they may not be Disclosed other than pursuant to its terms;

2 |     (c)    those officers, directors, partners, members, employees and agents
3 | of all nondesignating Parties that counsel for such Parties deems necessary to aid
4 | counsel in the prosecution and defense of this Proceeding; provided, however, that
5 | prior to the Disclosure of Confidential Materials to any such officer, director, partner,
6 | member, employee or agent, counsel for the Party making the Disclosure shall deliver
7 | a copy of this Stipulation and Protective Order to such person, shall explain that such
8 | person is bound to follow the terms of such Order, and shall secure the signature of
9 | such person on a statement in the form attached hereto as Exhibit A;

10 |     (d)    court reporters in this Proceeding (whether at depositions,
11 | hearings, or any other proceeding);

12 |     (e)    any deposition, trial or hearing witness in the Proceeding who
13 | previously has had access to the Confidential Materials, or who is currently or was
14 | previously an officer, director, partner, member, employee or agent of an entity that
15 | has had access to the Confidential Materials;

16 |     (f)    any deposition or non-trial hearing witness in the Proceeding who
17 | previously did not have access to the Confidential Materials; provided, however, that
18 | each such witness given access to Confidential Materials shall be advised that such
19 | Materials are being Disclosed pursuant to, and are subject to, the terms of this
20 | Stipulation and Protective Order and that they may not be Disclosed other than
21 | pursuant to its terms;

22 |     (g)    outside experts or expert consultants consulted by the undersigned
23 | Parties or their counsel in connection with the Proceeding, whether or not retained to
24 | testify at any oral hearing; provided, however, that prior to the Disclosure of
25 | Confidential Materials to any such expert or expert consultant, counsel for the Party
26 | making the Disclosure shall deliver a copy of this Stipulation and Protective Order to
27 | such person, shall explain its terms to such person, and shall secure the signature of
28 | such person on a statement in the form attached hereto as Exhibit A. It shall be the

1  obligation of counsel, upon learning of any breach or threatened breach of this

2  Stipulation and Protective Order by any such expert or expert consultant, to promptly

3  notify counsel for the Designating Party of such breach or threatened breach; and i.

4          (h)    any other person that the Designating Party agrees to in writing.

5        Confidential Materials shall be used by the persons receiving them only for the

6  purposes of preparing for, conducting, participating in the conduct of, and/or

7  prosecuting and/or defending the Proceeding, and not for any business or other

8  purpose whatsoever. Any Party to the Proceeding (or other person subject to the terms

9  of this Stipulation and Protective Order) may ask the Court, after appropriate notice to

10  the other Parties to the Proceeding, to modify or grant relief from any provision of

11  this Stipulation and Protective Order.

12        Entering into, agreeing to, and/or complying with the terms of this Stipulation

13  and Protective Order shall not: a. operate as an admission by any person that any

14  particular Document, Testimony or Information marked "Confidential" contains or

15  reflects trade secrets, proprietary, confidential or competitively sensitive business,

16  commercial, financial or personal information; or b. prejudice in any way the right of

17  any Party (or any other person subject to the terms of this Stipulation and Protective

18  Order):

19          i.    to seek a determination by the Court of whether any

20        particular Confidential Material should be subject to protection as

21        "Confidential" under the terms of this Stipulation and Protective Order; or

22          ii.    to seek relief from the Court on appropriate notice to all

23        other Parties to the Proceeding from any provision(s) of this Stipulation and

24        Protective Order, either generally or as to any particular Document, Material or

25        Information.

26  8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

27  <u>OTHER LITIGATION</u> If a Party is served with a subpoena or a court order issued in

28  other litigation that compels disclosure of any information or items designated in this

1    Action as "CONFIDENTIAL," that Party must:

2         (a)    promptly notify in writing the Designating Party. Such notification

3    shall include a copy of the subpoena or court order;

4         (b)    promptly notify in writing the party who caused the subpoena or

5    order to issue in the other litigation that some or all of the material covered by the

6    subpoena or order is subject to this Protective Order. Such notification shall include a

7    copy of this Stipulated Protective Order; and

8         (c)    cooperate with respect to all reasonable procedures sought to be

9    pursued by the Designating Party whose Protected Material may be affected.

10        If the Designating Party timely seeks a protective order, the Party served with

11   the subpoena or court order shall not produce any information designated in this

12   action as "CONFIDENTIAL" before a determination by the court from which the

13   subpoena or order issued, unless the Party has obtained the Designating Party's

14   permission. The Designating Party shall bear the burden and expense of seeking

15   protection in that court of its confidential material and nothing in these provisions

16   should be construed as authorizing or encouraging a Receiving Party in this Action to

17   disobey a lawful directive from another court.

18   9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

19   IN THIS LITIGATION

20        (a)    The terms of this Order are applicable to information produced by

21   a Non-Party in this Action and designated as "CONFIDENTIAL." Such information

22   produced by Non-Parties in connection with this litigation is protected by the

23   remedies and relief provided by this Order. Nothing in these provisions should be

24   construed as prohibiting a Non-Party from seeking additional protections.

25        (b)    In the event that a Party is required, by a valid discovery request,

26   to produce a Non-Party's confidential information in its possession, and the Party is

27   subject to an agreement with the Non-Party not to produce the Non-Party's

28   confidential information, then the Party shall:

i.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

ii.      promptly provide Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

iii.      make the information requested available for inspection by the Non-Party, if requested.

(c)      If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u> If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A.

11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u> When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege

1  or other protection, the obligations of the Receiving Parties are those set forth in
2  Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify
3  whatever procedure may be established in an e-discovery order that provides for
4  production without prior privilege review. Pursuant to Federal Rule of Evidence
5  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of
6  a communication or information covered by the attorney-client privilege or work
7  product protection, the parties may incorporate their agreement in the stipulated
8  protective order submitted to the court.

9  12.   MISCELLANEOUS

10      12.1   Right to Further Relief. Nothing in this Order abridges the right of any
11  person to seek its modification by the Court in the future.

12      12.2   Right to Assert Other Objections. By stipulating to the entry of this
13  Protective Order no Party waives any right it otherwise would have to object to
14  disclosing or producing any information or item on any ground not addressed in this
15  Stipulated Protective Order. Similarly, no Party waives any right to object on any
16  ground to use in evidence of any of the material covered by this Protective Order.

17      12.3   Filing Protected Material. A Party that seeks to file under seal any
18  Protected Material must comply with Civil Local Rule 79-5. Protected Material may
19  only be filed under seal pursuant to a court order authorizing the sealing of the
20  specific Protected Material at issue. If a Party's request to file Protected Material
21  under seal is denied by the court, then the Receiving Party may file the information in
22  the public record unless otherwise instructed by the court.

23  13.   FINAL DISPOSITION  After the final disposition of this Action, as defined in
24  Section 4, within 60 days of a written request by the Designating Party, each
25  Receiving Party must return all Protected Material to the Producing Party or destroy
26  such material. As used in this subdivision, "all Protected Material" includes all
27  copies, abstracts, compilations, summaries, and any other format reproducing or
28  capturing any of the Protected Material. Whether the Protected Material is returned or

10

destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

[Signature Page Follows]

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2   DATED: March 6, 2020         **SCOPELITIS, GARVIN, LIGHT,**
                                 **HANSON & FEARY, LLP**
3

4                               By: __/s/ James T. Spolyar_____
5                                      James T. Spolyar
                                 Attorney for Defendant
6                                EVANS DELIVERY COMPANY, INC.

7   DATED: March 6, 2020         **BERMAN SCHNEIDER & LOWARY, LLP**

8                               By: __/s/ Howard J. Smith_____
9                                      Howard Smith
                                 Attorney for Defendant
10                               ALLEN CEPEDA

11  DATED: March 6, 2020         **LAW OFFICES OF STEPHEN GLICK**

12

13                              By: __/s/ M. Anthony Jenkins_____
                                       M. Anthony Jenkins
14                               Attorney for Plaintiffs,
15                               SANTOS H. GARCIA, RAMIRO OROZCO,
                                 MICHEL SALMO, WILVER ANTONIO
16                               VASQUEZ QUINTANILLA and EDGAR
                                 VELIZ BAEZA, individually and on behalf of
17                               all others similarly situated, current and former
18                               aggrieved employees, and the general public of
19                               California

20

21

22   *It is so ordered.*
23   *Dated: 3/6/20*
24                               *Charles F. Eick*
                                 *United States Magistrate Judge*
25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Central District of

California on _____ [date] in the case of *Santos H. Garcia et al. v. Evans*

*Delivery Company, Inc., et al.* Case No. 2:19-cv-04316-DSF-E. I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Order. I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print or

type full name] of _____ [print or type full

address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

**Signature:** _____

4823-5549-5600, v. 7