UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS H. GARCIA, individually and on behalf of all others similarly situated, all current, former and future aggrieved employees, and the general public of California; RAMIRO OROZCO, individually and on behalf of all others similarly situated, all current, former and future aggrieved employees, and the general public of California; MICHEL SALMO, individually and on behalf of all others similarly situated, all current, former and future aggrieved employees, and the general public of California; WILVER ANTONIO VASQUEZ QUINTANILLA and EDGAR VELIZ BAEZA, each individually and on behalf of all others similarly situated and the general public of California,<br><br>        Plaintiffs,<br>    v.<br><br>EVANS DELIVERY COMPANY, INC., a corporation; ALLEN CEPEDA; DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No. 2:19–cv–04316–DSF–E<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT** |

Having considered the unopposed motion of Plaintiffs Santos H. Garcia, Ramiro Orozco, Michel Salmo, Wilver Antonio Vasquez Quintanilla, and Edgar Veliz Baeza, on behalf of themselves and the Class, for final approval of the class action settlement reached with Defendants Evans Delivery Company, Inc. and Allen Cepeda, and the unopposed motion for approval of an award of attorney's fees and costs, and incentive awards, the Court orders as follows:

1. The Motion for Final Approval of Class Action Settlement and Motion for Final Approval of Award of Attorney's Fees and Costs, and Incentive Awards, are granted in part.

2. This Final Order Approving Class Action Settlement and Judgment (Final Order and Judgment) incorporates and makes part hereof: (a) the Parties' Settlement Agreement filed on July 20, 2020 (Settlement) [Dkt. 43-1 (Exhibit 1 to the Declaration of Stephen Glick In Support of Motion For Order Granting Preliminary Approval of Settlement attached to the Memorandum of Points and Authorities In Support of Motion For Order Granting Preliminary Approval of Class Action Settlement)]; and (b) the Court's findings and conclusions contained in its Order Granting Motion for Preliminary Approval of Class Action Settlement [Dkt. No. 48] (Preliminary Approval Order"). All defined terms in this Final Order and Judgment shall have the same meanings as in the Settlement.

3. All preliminary findings and conclusions in the Preliminary Approval Order are made final.

4. The Court has reviewed the Declaration of Makenna Snow in support of Plaintiff's Motion for Final Approval of Class Action Settlement, and finds that Class Notice has been disseminated to the Class in compliance with the Court's Preliminary Approval Order and that the Class Notice constituted the best practicable notice under the circumstances; constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement and to appear at the

1  Final Approval Hearing and were reasonable and constituted due, adequate, and
2  sufficient notice to all persons entitled to receive notice.

3    5.    The Court has not received any objections to the Settlement. The
4  absence of any objections bars any appeal.  *See* Newberg on Class Actions § 14:13
5  (5th ed.) ("[I]t is equally clear that a class member who did not object in the district
6  court cannot pursue an appeal. Indeed, she has nothing to appeal because she waived
7  her rights by not objecting below."); *In re UnitedHealth Grp. Inc. S'holder*
8  *Derivative Litig.*, 631 F.3d 913, 917 (8th Cir. 2011) (class member must file a timely
9  and proper objection with the district court before appealing a settlement
10 agreement); *Aichele v. City of L.A.*, 2015 WL 12732003, at *6 (C.D. Cal. Sept. 9,
11 2015) ("Since there have been no objections to the Settlement, there can be no
12 appeals taken.").

13   6.    The Court finds that the requirements of Rule 23(e) of the Federal Rules
14 of Civil Procedure and other laws and rules applicable to final settlement approval of
15 class actions have been satisfied, and the Court approves the settlement of this
16 Action as memorialized in the Settlement Agreement, which is incorporated by
17 reference, as being fair, just, reasonable, adequate, in the best interests of the Class
18 and its members, and the full and final resolution of the Class's claims. The Court
19 directs the Parties and their counsel to implement and consummate the Settlement
20 according to its terms and provisions and this Order.  Consistent with the terms of
21 the Settlement, all payments under the settlement and this Order are to be made by
22 Evans.

23   7.    The Class, as defined at paragraph I.6 of the Settlement, is finally
24 certified for settlement purposes. The following Class Member requested exclusion
25 from the Class: Rolando Avalos.

26   8.    The Court finds and determines that the Settlement Payments to be paid
27 to Class Members are fair and reasonable. The Court orders that payment of those
28 amounts as adjusted in light of this Order be made to participating Class Members

1 | out of the Net Settlement Amount in accordance with the terms of the Settlement
2 | Agreement.

3      9.     Class Counsel and Plaintiffs adequately represented the Class for purposes of entering into and implementing the Settlement. The Court confirms the Stephen Glick and M. Anthony Jenkins of the Law Offices of Stephen Glick as Class Counsel, and Plaintiffs Santos H. Garcia, Ramiro Orozco, Michel Salmo, Wilver Antonio Vasquez Quintanilla, and Edgar Veliz Baeza as Class Representatives.

     10.    The Court grants final approval of the following amounts to be paid out of the Gross Settlement Amount in accordance with the terms of the Settlement:

     a. Attorneys' fees and costs to be paid to the Law Offices of Stephen Glick in the total amount of $697,320,54.00[1] in fees as specified below, and $10,717.86 in costs;

     b. An incentive award (based on the time spent and services provided) of $ 2,500 each to be paid to Santos H. Garcia and Edgar Veliz Baeza; $2,000 each to be paid to Wilver Antonio Vasquez and Michel Salmo; and 1,500 to be paid to Ramiro Orozco;

     c. Settlement Administration fees in the amount of $12,460.09 to be paid to ILYM, Inc.; and,

     d. The sum of $50,000.00 to be paid to the California Labor and Workforce Development Agency.

     11.    As of the Effective Date of the Settlement Agreement, Class Members (except those who submitted timely and valid requests for exclusion) shall be deemed to have, and by operation of this Final Approval Order and the final judgment entered in connection with this Final Approval Order shall have, fully and

---

[1] The Court deducted counsel's costs from the gross settlement amount before calculating the 25% award.

4

irrevocably released and forever discharged the Released Parties from all Released Claims, as more fully set forth in the Settlement.

12. Each and every Class Member who has not been excluded from the Settlement, and their Related Parties, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal administrative forum, or other forum of any kind, asserting any of the Released Claims against and of the Released Parties, except for claims to enforce the Settlement.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation and administration of the Settlement Agreement; and (b) the Parties and the Class members for the purpose of construing, enforcing, and administering the Settlement Agreement and all orders and judgments entered in connection therewith.

14. Section 1715(b) of the Class Action Fairness Act of 2005 requires a settling defendant to "serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official" a specified group of documents describing the settlement. Pursuant to section 1715(d), final approval cannot be issued earlier than 90 days after notice is given under section 1715(b). Evans and Cepeda served the necessary documents on August 27, 2020. This order is signed more than 90 days after Evans and Cepeda served the documents. The Court therefore finds that Evans and Cepeda are in full compliance with the Class Action Fairness Act, 28 U.S.C. section 1715.

15. The Settlement Administrator shall withhold 10% of the above-stated attorneys' fees until Class Counsel provides a declaration stating that all other terms of the settlement have been implemented, as well as a proposed order releasing the remainder of the fees award – and the Court has issued that order.

16. The Parties are ordered to comply with the terms of the Settlement Agreement to the extent they are not inconsistent with this Final Approval Order.

IT IS SO ORDERED.

DATED: December 23, 2020

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE